No. 11,488.

GUIRAUD *v.* NEVADA CANAL CO., ET AL.

Decided April 5, 1926. Rehearing denied April 19, 1926.

Plaintiff in error was found guilty of contempt for violating an injunctive order of court.

*Affirmed.*

*On Application for Supersedeas.*

1. COURTS—*District—Jurisdiction.* The district courts of Colorado are constitutional tribunals vested with jurisdiction as to all matters of law and equity, with inherent plenary power to enforce orders and punish for contempt.

2. CONTEMPT—*Procedure.* In the absence of statutory regulation, courts may deal with matter of contempt in a summary manner.

3. VENUE—*Contempt.* Statutory provisions relating to change of venue have no application to proceedings to punish contempts unless such proceedings are expressly included in the written law.

4. CONTEMPT—*Place of Trial—Constitutional Law.* Section 16 of the Bill of Rights providing for jury trials in the county where a criminal offense is committed, has no application to contempt proceedings either of a civil or criminal nature.

5. *Change of Venue.* One charged with contempt of court has no right to a change of venue.

6.   *Review.* In reviewing a contempt judgment, the Supreme Court will not inquire further than to ascertain if the court below had jurisdiction in the premises and regularly pursued the practice and procedure to be observed in such cases.

7.   *Violating Injunction.* Where a party is enjoined from interfering with public officials in the discharge of their duties, he acts at his peril when, without recourse to the courts, he undertakes to undo or ignore the acts of the officers.

8.   OFFICES AND OFFICERS—*Duties—Presumption.* The law presumes that public officials discharge their duties in conformity with the statutes, and the burden of showing to the contrary rests with him who relies thereon.

9.   CONTEMPT—*Affidavit—Requirements.* In contempt proceedings it is not necessary that the affidavit charging the offense set forth the evidence by which the general declarations therein are to be established. General declarations or ultimate facts only, are required.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. PONSFORD, PENDER & LARWILL, Mr. JOHN M. BOYLE, for plaintiff in error.

Mr. L. F. TWITCHELL, Mr. E. C. KING, Mr. J. H. BURKHARDT, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff in error Guiraud was fined $200 and costs for contempt of the district court in that he violated the orders of its injunction decree rendered in the action in which he was a defendant and one of the parties enjoined. He brings error. The petitioners or plaintiffs in this action, who were the owners of decreed senior water rights in water district No. 23 in division No. 1, were awarded a decree which commanded the water offi-

cials, who were defendants, to distribute to the users entitled thereto the water from the South Platte river in accordance with the decrees entered in that division, and enjoined the defendant ditch owners and water users therein from diverting water from the natural stream otherwise than in accordance with these decrees. The defendant ditch owners were also enjoined from interfering with the water officials in the distribution of the water in accordance with the decrees and from using the water as against the prior appropriation and rights of the plaintiff ditch owners, and, unless permitted to do so by the water officials, from interfering in any manner with the headgates of the ditches therein after the same had come under the control and supervision of, or been adjusted by, the water officials or their successors in office. The water officials, whom the petition charged at least with neglect in that they did not attempt to distribute water in accordance with the decrees, were made parties defendant since they did not consent to become plaintiffs. It was the decree in this case that the respondent is charged with having violated. Such further facts as may be necessary to state will be found in the appropriate place in the opinion.

In response to the rule to show cause the respondent first filed a verified motion for a change of venue to the district court of Park county upon the ground that this contempt proceeding, being in the nature of a criminal action, respondent is entitled to have the same tried by a jury in Park county where the offense, if any, was committed and where he resided. This motion was denied. The respondent then filed a motion to quash the proceeding upon the ground that the affidavit did not state facts sufficient to justify the court in finding that an offense had been committed, and that the decree which it is alleged the respondent violated is too indefinite and uncertain and for that reason void and unenforceable. This motion to quash was denied and the respondent refused to plead further and stood upon his motion which

is in the nature of a demurrer. The three assignments of error are: (1) That the court improperly denied his motion for change of venue. (2) The writ of injunction upon which the contempt proceedings are based is too broad and indefinite to be enforced. (3) The affidavit in support of the rule to show cause does not state sufficient facts to warrant a finding of contempt.

1. The district courts of this state are constitutional tribunals vested with jurisdiction as to all matters of law and equity. As such they have the inherent plenary power to protect and enforce their orders and to punish as for contempt violations thereof. The legislative branch of the government may not divest them of such power or by regulation seriously interfere with the courts in the exercise of such jurisdiction. It may provide reasonable regulations as to the procedure to be observed but certainly, in the absence of such regulation, the courts, as to matters of contempt, may deal with them in the summary manner theretofore universally recognized. *Wyatt v. People,* 17 Colo. 252, 28 Pac. 961; *State v. Shepherd,* 177 Mo. 205, 76 S. W. 79, 99 Am. St. Rep. 624, where will be found an exhaustive discussion of this jurisdiction of constitutional courts. In *Bloom v. People,* 23 Colo. 416, 48 Pac. 519, a case of criminal contempt, we held that a defendant has no right to a change of venue. In the Shepherd case it was held that the court alone in which a contempt is committed, or whose authority is defied, has power to punish or to entertain proceedings to that end and no other court has any jurisdiction or power in such cases. In Rapalje on Contempts, section 13, the learned author states it to be the general rule that constitutional courts of record have exclusive control over charges for contempt and only that court in which the contempt is committed or whose order is defied has power to punish or entertain proceedings to that end. At section 110, he says that statutory provisions relating to change of venue have no application to proceedings to punish contempts, unless such proceedings

are expressly included, eo nomine, in the written law. Our statute with reference to change of venue does not expressly or by necessary implication, but, on the contrary, by its silence excludes contempt proceedings. Whatever may be said as to the power of the legislature to regulate proceedings in contempt instituted in a court created by the legislature, the principles above announced are to be applied to proceedings pending in constitutional courts.

But counsel for the respondent say that though the contempt here is a constructive civil contempt, nevertheless, since the act charged against respondent constitutes a crime for which he is subject to punishment, the pending contempt proceeding, therefore, is in the nature of a criminal action and as our statute provides that in a criminal action he is entitled to a jury trial, he can be tried only in the county of Park where the contempt, if any, was committed, since section 16 of our Bill of Rights gives to a defendant in criminal prosecutions the right to be tried by a jury in the county where the offense is committed. That section does not apply to contempt proceedings either of a civil or criminal nature. It does not apply to a criminal contempt as we held in the Bloom case, supra; much less has a respondent in a civil contempt the right to have the matter determined in the county where he lives or where the offense was committed if the residence is other than the county of the court whose order is violated. None of the decisions relied upon by the respondent are in point under the facts of this case or under our Constitution and laws. *Nichols v. State,* 8 Okl. Crim. 550, 129 Pac. 673, held that any person accused of violating or disobeying, when not in the presence or hearing of the court or judge, any order of injunction or restraint made by the court or judge shall be entitled to a trial by jury in the county where the offense was committed, is based upon an express provision of the Oklahoma constitution to that effect. We have no such constitutional or statutory pro-

vision in this state. The court was right in denying the change of venue.

2. If the writ of injunction upon which these proceedings is based is too broad and indefinite to be enforced, this respondent, along with his associates in the action who were defendants therein, had the opportunity both in the district court and in the Supreme Court to have it made more specific and definite. There is nothing in the record which shows that such attempt was made. It may be true, as respondent contends, that it was not the duty of the defendants in the action to be solicitous to have an adverse decree made explicit or definite so that they might thus be aided in their purpose either to evade or obey it. Yet it is a circumstance that we may properly take into consideration in passing upon the present objection. The rule in this state has been repeatedly announced that this court, in a review by writ of error or otherwise of a contempt judgment, will not inquire further than to ascertain if the court below had jurisdiction in the premises and regularly pursued the practice and procedure to be observed in such cases. All other questions are not germane to our inquiry. *Zobel v. People,* 49 Colo. 142, 111 Pac. 846. Unless there is an absence of jurisdiction we cannot afford relief. The decree by which the respondent was affected, enjoined and commanded, among other things, the doing of the following: (1) That the defendants should obey the lawful orders and directions of the water officials. (2) That they should not take water otherwise than in accordance with the decrees and the lawful orders of these officials. (3) That they should not interfere in any way with the water officials in their distribution of the waters. (4) That they should not interfere with or disobey the lawful orders and directions of the water officials. (5) That they should not divert, take or use the water as against prior appropriators. (6) That they should not in any manner interfere with the headgates or intake of the ditches after the same have been in any manner ad-

justed or have come under the supervision of the water officers, unless permitted by the latter to do so. The decree which awarded the injunction was affirmed in its entirety by this court. It is not likely that, if it had not been an enforcible decree and was void for indefiniteness or uncertainty, this court would have affirmed it. To do so would have been a useless thing and we are not inclined, even if we had the power, to modify or upset our former decision in this case which was that the decree in question was warranted by the evidence and must stand. The summary of the provisions of the decree above stated show that there is nothing indefinite or uncertain about that provision thereof which it is charged the respondent violated. The chief objection of respondent to this decree seems to be that he must, at his peril, determine for himself whether any particular order of the water officials is lawful and that if he should obey an unlawful order he would not be protected as against one who suffered injury therefrom. We observe, first, that where a party is enjoined from interfering with public officials in discharging their official duty and is told by a court not to do certain things, he acts at his peril when, without any resort to the courts, he undertakes to undo or ignore the things which the public officer does. In *McLean v. Farmers' H. L. C. & R. Co.*, 44 Colo. 184 (89 Pac. 16), at page 190, it was said that the law presumes that public officers discharge their duties in conformity with the statutes and the burden of showing to the contrary rests with him who relies thereon. *Catron v. County Commissioners*, 18 Colo. 553, 33 Pac. 513; *Routt v. Greenwood Cemetery Co.*, 18 Colo. 132, 31 Pac. 858. The presumption here is that the water officers closed respondent's headgates so as to supply senior priorities further down the river. In the light of this principle let us examine this decree. It specifically enjoins this respondent and others from raising the headgates of ditches after they have been closed by the water officials unless they obtain the consent of the latter. We

do not see how the decree itself can be more specific than it is in this particular. The court could not anticipate the various acts and things which an enjoined defendant might undertake to do in evading or disobeying the decree. The provision is general in its nature and says in effect that no private citizen shall assume the power of distributing the appropriated waters of this state and thereby supersede the constituted state officials who are charged with that duty. That is exactly what the respondent has done in this case according to the affidavit. He took it upon himself thus to interfere with the water officials in distributing the water in accordance with the decrees. It makes no difference whether there was a shortage of water at the time, so far as concerns the respondent's guilt or innocence, or whether the plaintiffs needed water at that time or were injured by his acts. It is sufficient to say that the water officials had closed down the headgates of his ditches and had not permitted him to reopen or raise them. Besides, we may indulge the presumption above indicated. Respondent violated an express, clear and unambiguous clause of this decree. It is no defense which he interposes that this interference with the water officials by raising a headgate which they had closed is a criminal offense and may be punished in a criminal prosecution. That does not prevent the plaintiffs in this case, who obtained this decree against him, from enforcing their rights by way of contempt or in any other appropriate manner by a civil action. The decree is not void but is a valid and enforcible decree.

3. It is said, however, that if the decree is not void, the affidavit upon which this proceeding is based does not state facts sufficient to warrant a finding that the respondent was guilty of contempt. What we have already said is, perhaps, sufficient answer to this objection. We may add, however, that the affidavit specifically charges that on nine different occasions he raised the headgates of his ditches after the proper water officials had closed them down and had not given permission to raise them.

If this does not charge a violation of the injunction decree we do not know what language could be employed that would more explicitly say so. It is not necessary in an affidavit of this nature to set forth the evidence by which the general declarations therein are to be established. General declarations or ultimate facts only are required. *Hake v. People*, 230 Ill. 174, 82 N. E. 561; *State ex rel. Hoefs v. District Court*, 113 Minn. 304, 129 N. W. 583; *Tuttle v. Hutchison*, 173 Iowa 503, 151 N. W. 845. The defendant in this case has rested upon his motion to quash. That was within his right. He offered no evidence tending to excuse or justify his conduct. If the court had jurisdiction to make the decree which was violated, and this was determined by this court in affirming the same, and if the affidavit stated facts showing a contempt was committed, and we have held it did, and if the district court substantially observed the procedure applicable in contempt proceedings, as it did, even if there was error of the court in its findings of fact, and we do not say there was, it was error committed within its jurisdiction and is not reviewable. If as has been determined in this action both by the district court and this court, there was an unlawful combination by the defendants therein to disregard and violate the adjudicating decrees of the district court and to oust the water officials, and themselves usurp the power to distribute water in this water district, not in accordance with the decrees of the court but in their own interests and in direct violation of the decrees, unless they can be punished for contempt, for violation of the same, the Constitution and laws of the state are impotent and its courts are powerless to safeguard and protect the lives and property of its citizens. The district court properly decided that it had jurisdiction and followed the procedure applicable to this class of cases. We therefore cannot interfere with its judgment.

The application for supersedeas is denied and judgment affirmed.

MR. JUSTICE WHITFORD not participating.