No. 26264

**The People of the State of Colorado v. Jeremiah Cushon**

(539 P.2d 1246)

Decided August 18, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant was convicted of three counts of aggravated robbery and sentenced to concurrent penitentiary terms of ten to fifteen years on each count. Defendant appeals the judgment and sentence of the trial court. We affirm.

The case involves the robbery at gunpoint of three men. One Jerry Flagg and a Larry Taliaferro were the victims and testified for the prosecution. A third witness, Anthony Sagraves, did not testify.

The record reflects that the trio had left a Colorado Springs bar and were in the process of entering Flagg's car when one whom they identified as the defendant shoved a gun against Flagg's back and commanded him to drive. They went down an alley where the three victims were forced to empty their pockets. The defendant continued to point a loaded and cocked weapon at Flagg's head and made threats which frightened all three men. Defendant took the wallets and other items which the men had thrown on the ground and fled by foot to what appeared to be a getaway vehicle.

## I.

As grounds for reversal, defendant argues that the trial court erroneously limited his right to cross-examine prosecution witness Taliaferro. In particular it is claimed that defense counsel was limited in his inquiry as to whether or not Taliaferro had seen the defendant prior to the time of the robbery. Although this was a matter beyond the scope of the direct examination, the trial judge allowed limited cross-examination in the area. A trial judge has discretion to determine the scope and limits of cross-examination on matters not dealt with in direct examination. *People v. Homan*, 185 Colo. 56, 521 P.2d 1262 (1974). Absent an abuse of discretion, his ruling will not be disturbed on review. *McCune v. People*, 179 Colo. 262, 499 P.2d 1184 (1972); *Simms v. People*, 174 Colo. 85, 482 P.2d 974 (1971). The defendant has not met his burden of showing that there was such an abuse.

Furthermore, the issue of whether Taliaferro had seen the defendant prior to the robbery was immaterial to the circumstances of the robbery or the identification of the person who committed it. It is proper for a trial court to foreclose cross-examination on immaterial matters. *People v. Chavez*, 182 Colo. 216, 511 P.2d 883 (1973); *Huggins v. Campbell*, 130 Colo. 183, 274 P.2d 324 (1954); *Montgomery v. People*, 117 Colo. 118, 184 P.2d 480 (1947).

The defendant additionally maintains that he was denied the right to cross-examine Taliaferro in regard to an alleged attempted drug transaction prior to the robbery. He argues — for the first time on appeal — that this line of inquiry was aimed at eliciting evidence of motive or bias on the part of the witness. However, since no objection or offer of proof was ever made by defense counsel at the time of the trial judge's ruling, the defendant cannot now be heard on the issue. *People v. Sanchez*, 180 Colo. 119, 503 P.2d 619 (1972) and cases cited therein.

## II.

The defendant contends that the testimony of the two prosecution witnesses was inconsistent and incredible, and that therefore the evidence was not sufficient to support the verdict. An examination of the record indicates otherwise. The testimonial discrepancies are insignificant

and are far outweighed by the impressive number of details upon which Flagg and Taliaferro agree. As we pointed out in *Cowles v. People*, 107 Colo. 161, 110 P.2d 249 (1940): .

" . . . It is not essential that all witnesses testifying on the same side concur in the details of a given transaction. With the purest motives and equal opportunity to see and hear they are often in conflict. Rejection, acceptance, and reconciliation are for the [fact finder]."

The credibility and weight of the evidence are matters for the finder of fact. A judgment of conviction will be upheld where there is competent evidence in the record to support it. These rules of law are so well settled as to no longer require citation of authority.

### III.

Defendant contends that the sentence imposed by the trial judge is excessive and warrants review under 1971 Perm. Supp., C.R.S. 1963, 40-1-509.[1] In support of this position he points to his lack of prior felony convictions and to the fact that he was nineteen at the time of the trial.

After examining defendant's record, we are of the opinion that the sanction imposed by the trial judge in no way constitutes an abuse of discretion. The sentence of ten to fifteen years is well within the statutory limits set by the legislature. Sections 18-1-105 and 18-4-302(3), C.R.S. 1973. In the absence of a showing that a sentence is clearly excessive, we will not modify the judgment of the trial court. *See People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975) and cases cited therein.

The evidence adduced at trial indicates that the defendant was armed with a loaded and cocked pistol pointed successively at the head and back of one of the victims. Throughout the perpetration of the robbery threats were made on the life of the victims.

The pre-sentence investigation report reflects that the defendant was previously convicted of assault with intent to do bodily harm, for which he was confined for five months. Furthermore, at the time of the instant offense, he was under the supervision of probation authorities in connection with a deferred prosecution for second-degree assault. Under the circumstances, the trial judge's concern for the protection of society justified the sentence which was imposed.

The judgment is affirmed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.

---

[1]Now section 18-1-409, C.R.S. 1973.