## No. 26332

### The People of the State of Colorado v. Manuel Moreno

(558 P.2d 440)

Decided December 27, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Patricia W. Robb, Designated Counsel, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, T. Michael Dutton, Deputy, Ilene P. Buchalter, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant Manuel Moreno appeals his conviction for possession of a narcotic drug in violation of section 12-22-322, C.R.S. 1973. We find no prejudicial error and therefore affirm.

The People's evidence showed that on the evening of March 3, 1973, the Pueblo police, acting on a tip, placed a certain house under surveillance. The officers observed a man, identified at trial as the defendant, leave the house and walk to the car parked in front of the house, which he entered and in which he remained for a couple of minutes. The man then returned toward the house, along a sidewalk. He stopped at the corner of the house, bent down, straightened up and then re-entered the house. A short time later, he left the house in the company of another man. They entered the car and drove away. After the car had traveled a short distance, it was stopped by the police. Defendant and his companion, William Benny Quintana, were placed under arrest. Two heroin-filled balloons were found at the corner of the house where the defendant had bent down.

Defendant's sole allegation of error concerns the court's limitation of the cross-examination of Officer Donald Jordan of the Pueblo police department. When defense counsel asked Officer Jordan why Quintana had been arrested with defendant, the trial court sustained the district attorney's objection on relevance.

Defendant contends that the court's ruling constitutes reversible error because it excluded evidence relevant to his theory of the case. Defense counsel attempted to show throughout trial that the police could not positively identify defendant as the man they saw near the corner of the house. Defendant argues that the cross-examination of Officer Jordan was designed to show that Quintana had been arrested because of the police's uncertainty as to whether he or defendant was the man observed earlier.

The scope and limits of the cross-examination lie within the sound discretion of the trial court. Absent a showing of abuse or manifest prejudice, limitation of cross-examination does not constitute reversible error. *People v. Schuemann*, 190 Colo. 474, 548 P.2d 911; *People v. Cushon*, 189 Colo. 230, 539 P.2d 1246; *Simms v. People*, 174 Colo. 85, 482 P.2d 974.

■ The trial court's ruling here did not unduly restrict defendant's right of cross-examination. Both Officer Jordan and another police officer testified as to why Quintana was arrested. In addition, the jury heard extensive testimony on defendant's theory of the case — that of misidentification. Defendant was given a full and fair opportunity to develop his theory of defense. In these circumstances, the trial court did not abuse its discretion in limiting defendant's cross-examination of Officer Jordan. *People v. Key*, 185 Colo. 72, 522 P.2d 719.

The judgment is affirmed.