The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Hoover REYNOLDS,
Defendant-Appellant.

No. 80SA21.

Supreme Court of Colorado,
En Banc.

Nov. 30, 1981.

Rehearing Denied Dec. 21, 1981.

**44**

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Litigation Section, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Terri L. Brake, and Linda Hotes, Deputy State Public Defenders, Denver, for defendant-appellant.

ERICKSON, Justice.

The principal question before us on appeal is whether the denial of the defendant's motion to reconsider his sentence pursuant to Crim.P. 35(a) was an abuse of discretion. The defendant asserts that the district court erred in refusing to admit evidence of a polygraph examination administered to the defendant. In addition, the defendant contends that H.B.1589, a 1977 legislative revision of the sentencing structure in criminal cases, is unconstitutional. We affirm the judgment of the district court.

The defendant, Hoover Reynolds, was convicted by a jury of rape,[1] kidnapping in the first degree,[2] and deviate sexual intercourse by force.[3] On January 31, 1975, he was sentenced to three concurrent terms of not less than fourteen nor more than eighteen years at the Colorado State Penitentiary.[4] The court of appeals affirmed the conviction. We denied certiorari and the mandate from the court of appeals was issued on February 8, 1977.

Within the 120-day time limit prescribed by Crim.P. 35(a),[5] Reynolds petitioned for reconsideration and reduction of his sentence. At the hearing, the district court received evidence of the defendant's rehabilitation at the penitentiary but refused to admit the result of a polygraph examination given to the defendant in May, 1977. The offer of proof by defense counsel established that the polygraph examiner was of the opinion that Reynolds was not guilty of the crimes charged. The trial judge denied the defendant's motion for reconsideration of sentence.

I.

■ Initially, we find no error in the failure of the district court to admit the results of a polygraph examination at the post-conviction hearing. The jury determination of the defendant's guilt, which was upheld on appeal, precludes the use of the results of a polygraph examination on the issue of the defendant's guilt. *See People v. Anderson*, Colo., 637 P.2d 354 (1981).

1. 1971 Perm.Supp., C.R.S.1963, 40–3–401.

2. 1971 Perm.Supp., C.R.S.1963, 40–3–301.

3. 1971 Perm.Supp., C.R.S.1963, 40–3–403.

4. At the time the defendant was charged, first degree kidnapping was a class two felony. *See* 1971 Perm.Supp., C.R.S.1963, 40–3–301(3). 1971 Perm.Supp., C.R.S.1963, 40–1–105 authorized a sentence of ten to fifty years for conviction of a class two felony.

5. The rule in effect at the time of the defendant's petition provided as follows:

"Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the appellate court denying review, or having the effect of upholding a judgment of conviction. The court may not reduce a sentence reviewed by an appellate court pursuant to C.A.R. 4(c) except as ordered by the reviewing court. The court may also reduce a sentence upon revocation of probation as provided by law."

Further, the trial judge is afforded broad discretion in imposing a sentence. Unless it appears that the trial judge clearly abused his discretion in imposing the sanction in question, the sentence should not be modified. *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975). In the absence of a clear showing that a sentence is excessive, the trial court's judgment will not be modified on appeal. *People v. Cushon*, 189 Colo. 230, 539 P.2d 1246 (1975); *People v. Duran, supra*. Every sentence should be reviewed with an eye to the nature of the offense, the character of the offender, protection of society, rehabilitation of the defendant, and for the development of respect for law and deterrence of crime. *People v. Duran, supra*. In light of the crimes committed by the defendant, the sentence Reynolds received was neither shocking nor excessive. When the sentence was imposed, the trial judge considered relevant factors, including the presentence investigation, the defendant's threat to public safety, the defendant's dangerous propensities, and the sentencing guidelines in 1971 Perm.Supp., C.R.S.1963, 40–1–105.[6] Accordingly, the trial judge did not abuse his discretion in imposing sentence on the defendant.

## II.

The constitutionality of all facets of the sentencing procedure set forth in H.B.1589 have been upheld by this Court. *See, e.g., People v. Francis*, Colo., 630 P.2d 82 (1981); *People v. Moody*, Colo., 630 P.2d 74 (1981); *People v. McKenna*, Colo., 611 P.2d 574 (1980). We therefore reject without further discussion the defendant's claim that H.B.1589 is unconstitutional.

Accordingly, the judgment of the district court is affirmed.