**In re the MARRIAGE OF: David HARRIS, Appellee,**

**and**

**Marianne Aurich-Elftman f/k/a Marianne Harris, Appellant.**

**No. 82CA1046.**

Colorado Court of Appeals,
Div. I.

Aug. 18, 1983.

Susan Wendall Whicher, Wheat Ridge, for appellee.

Winzenburg & Leff, Lawrence B. Leff, Aurora, for appellant.

BABCOCK, Judge.

In this appeal, Marianne Aurich-Elftman (mother) contends that the trial court erred in granting the motion of David Harris (father) for change of custody and in finding her in contempt of court. We reverse in part and affirm in part.

## I. *Modification of Custody Decree*

The sole evidence presented in support of father's motion for change of custody was testimony of the clinical psychologist retained for the purpose of evaluating the parties and the children and the written report of the guardian ad litem appointed on behalf of the children. In harmony with this evidence, the court found that the emotional and physical health of the children would not be endangered by either party and that both parties were fit and proper to have custody of the children. It also found that the best interests of the children would be served by a change of custody and ordered that custody of the children "be joint with the parties."

Modification of a prior custody decree is governed by § 14–10–131(2), C.R.S.1973, which requires that prior to modification, the trial court must find, *inter alia,* that "the child's present environment endangers his physical health or significantly impairs his emotional development."

■ Although appellate courts are reluctant to disturb the trial court's ruling in a custody matter, the statute is clear and the trial court must comply with its provisions. *In re Marriage of Pilcher,* 628 P.2d 126 (Colo.App.1980); *In re Marriage of Larington,* 38 Colo.App. 408, 561 P.2d 17 (1976). If the trial court's findings show no indication of endangered physical health or impairment of emotional development, an order changing custody cannot stand. *See In re Marriage of Pilcher, supra.*

Here, the trial court's finding, that neither the emotional development nor the physical health of the children was endangered while in the custody of mother, is supported by the evidence. Consequently, its order modifying custody must be reversed.

## II. *Contempt*

The February 1976 decree in dissolution of marriage awarded mother custody of the children and granted father reasonable rights of visitation including, but not limited to, the following: (1) nine days per month upon one week's prior notice to mother; (2) alternate holidays and alternate birthdays; and (3) thirty continuous days per year upon one month's prior notice to mother.

In July 1979, after learning that mother intended to move to New Jersey with the children to attend graduate school, father filed a motion to prevent removal of the children from the state, a motion for injunction, and a motion for change of custody, copies of which were personally served on mother and mailed to her attorney. Mother proceeded with the move to New Jersey without disclosing her whereabouts to father. Father made numerous unsuccessful attempts to locate the children by telephoning mother's relatives in New Jersey and by tracing a phone number whispered to him by one of the children.

In 1981, he hired a New Jersey attorney who in turn hired a private investigator. When the children were found, the attorney filed an action in New Jersey. A hearing was held on July 10, 1981, and father, who had flown to New Jersey to attend, was granted visitation for the remainder of July and August 1981. Early in 1982 father filed a motion and affidavit for issuance of a contempt citation based on mother's failure to allow reasonable visitation as required by the dissolution decree and a motion for award of sanctions, fees, and costs.

At the close of the hearing on the contempt citation, the trial court found that mother's move was discretionary, that the pending motions took precedence over her educational plans, and that by removing the children from the state she had denied reasonable visitation to father and caused additional expense in enforcement of his visitation rights. Having found mother in contempt of court, the court ordered that she pay father $2,000 to defray the additional attorney fees and $446.75 as damages representing one-half the cost of transportation of the children to effect visitation.

■ A finding of contempt is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *In re Marriage of Hartt,* 43 Colo.App. 335, 603 P.2d

970 (1979). The evidence must support a finding that the contemnor refused to obey a lawful order of the court while having the ability to comply with the order. *In re Marriage of Hartt, supra.* The trial court's findings must enable the appellate court to determine that the evidence supports the contempt conviction. *Wright v. District Court,* 192 Colo. 553, 561 P.2d 15 (1977); *Catron v. Catron,* 40 Colo.App. 476, 577 P.2d 322 (1978).

Here, the evidence supports the trial court's finding of contempt based on mother's refusal to grant father reasonable visitation rights as required by the decree of dissolution of marriage by removing the children to another state. Mother's present ability to comply with the decree by remaining in Colorado for the hearing and by arranging reasonable visitation pursuant to the custody decree was implicit in the trial court's findings and was supported by the evidence.

Moreover, the evidence supports the trial court's award of damages for the injuries caused by the contempt, plus costs and related attorney fees. C.R.C.P. 107(d). Awards of attorney fees are incidental to a finding of contempt and are not conditioned upon the ability to pay. *In re Marriage of Weisbart,* 39 Colo.App. 115, 564 P.2d 961 (1977). Likewise, awards of damages suffered by the contempt plus costs are incidental to the contempt finding and are not conditioned upon the ability to pay.

The order of the trial court modifying the custody decree is reversed, and the cause is remanded with directions to enter an order denying the motion for modification of the custody decree.

The finding of contempt and the sanctions imposed therefor are affirmed.

PIERCE and VAN CISE, JJ., concur.