In re the MARRIAGE OF Dorothy DIXON, Appellant,

and

Howard Dixon, Appellee.

No. 83CA0451.

Colorado Court of Appeals, Div. III.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Denied June 18, 1984.

Irvin M. Kent, Denver, for appellant.

Jerrie F. Eckelberger, Littleton, for appellee.

STERNBERG, Judge.

Wife appeals from an order of the trial court terminating maintenance. She contends that the court incorrectly applied the standard of unconscionability contained in § 14–10–122(1), C.R.S.1973. We affirm.

The parties were married in March 1979 and wife petitioned for dissolution in December 1979. At the April 1981 hearing on permanent orders, husband testified that he was earning $2,574 per month net income as a partner in an engineering firm. However, he was required to pay his previous wife $1,900 per month as maintenance and child support. He was also paying his adult daughter $100 per month as rent, and had numerous unpaid bills.

The wife was unemployed. She had recently quit a $460 per month clerk's job because of back pain. However, she had worked most of her adult life as an interior decorator in New York earning between $16,000 and $20,000 per year gross income.

The court found that wife was unable to support herself through employment, though it "hoped" that would "change rather rapidly." Consequently, maintenance was awarded at a variable yearly rate equal to 17.5 percent of husband's gross income. The court estimated that payments would be $700 per month for the first year.

In September 1982 husband filed a motion to reduce or terminate maintenance, and a hearing was held in December 1982. The evidence established that husband left the engineering firm in November 1981 following a business dispute with his partners. Despite considerable effort, husband had been unable to find regular employment since then. Husband had also gone through bankruptcy, and his first wife had obtained a non-dischargeable judgment for $13,216 in back support. Husband testified that his total gross income since April 1982 was $3,600.

Wife was also unemployed. She had worked at two jobs in 1982, but was discharged because of the state of the economy. She stated that she had personally sought work as an interior designer with five businesses and sent her resume to 15 or 20 other firms.

The court observed that the marriage was of short duration and stated that it was never the court's "intent" to award permanent maintenance. The court further found that wife had made "no significant effort to find permanent employment," and that husband was having "difficulties securing further employment." The court terminated maintenance.

Citing *In re Marriage of Newman*, 653 P.2d 728 (Colo.1982), wife contends that maintenance is "unconscionable," and therefore modifiable, only if the party seeking modification lacks sufficient property to meet his needs and is unable to support himself through employment. She argues that application of this standard here demonstrates that the court erred in terminating maintenance. We do not agree.

■ We have previously held that unconscionability under § 14–10–122(1) is measured by the "fair, reasonable and just" standard. *In re Marriage of Carney*, 631 P.2d 1173 (Colo.App.1981). We conclude that *Newman* did not narrow the standard of unconscionability applicable in maintenance modification proceedings. In our view it is significant that *Newman* was concerned with a maintenance agreement negotiated between the parties prior to the marriage—an antenuptial agreement.

■ Here, there was no agreement and the court initially imposed the maintenance award after considering all factors included in § 14–10–114 C.R.S.1973 (1982 Cum. Supp.). Under these circumstances, we

conclude that the court had discretion to review changes in these same factors, and modify maintenance to insure fairness and reasonableness. *See In re Marriage of Manzo,* 659 P.2d 669 (Colo.1983); *In re Marriage of Jones,* 627 P.2d 248 (Colo. 1981); § 14–10–102(2)(b), C.R.S.1973.

■ We hold that the trial court did not abuse its discretion in terminating maintenance. It is true, as argued by the wife, that the husband's burden to pay maintenance was mitigated by the trial court's initial order making maintenance a percentage of annual gross income. However, the decline in husband's income was so precipitous that it called into question the fairness of any maintenance requirement. *See* § 14–10–114(2)(f), C.R.S.1973. This is particularly true considering the brevity of the marriage and the wife's long history of independence. *See* § 14–10–114(2)(d), C.R. S.1973.

Further, we find no error in the court's remark that it never "intended" maintenance to be permanent. The court's statements at the hearing on the original decree indicate that it believed the wife could provide for herself, but would need maintenance for a reasonable time in order to re-establish her career. *See* § 14–10–114(2)(b), C.R.S.1973 (1982 Cum.Supp.). However, the court concluded that a reasonable time had elapsed by the time of the modification hearing, and it was no longer fair for the husband to bear the consequences of wife's failure to find substantial employment.

Order affirmed.

TURSI and BABCOCK, JJ., concur.