certiorari indicates to me that *Coale* properly construed *Palmer.*

Although a claim for punitive damages under § 13–21–102, C.R.S., is ancillary to the underlying claim for actual damages, its function is punitive, and thus, its focus is upon the conduct of the wrongdoer. *See Palmer v. A.H. Robins Co., supra.* Consideration of (1) the nature of the act which caused the injury; (2) the economic status of the defendant; and (3) the deterent effect of the award on others permits full judicial scrutiny of the reasonableness of an award of punitive damages consistent with the function and focus of the punitive damages statute. *See Palmer v. A.H. Robins Co., supra; Coale v. Dow Chemical Co., supra.* I would not regraft upon these three factors the archaic consideration of a ratio of punitive to compensatory damages, which in my view, bears no rational relationship to the reasonableness of an award of punitive damages.

Ralph B. Rhodes, Denver, for appellant.

Bayer, Carey & McGee, P.C., Raymond G. Carey, Jr., Denver, for appellee.

METZGER, Judge.

Margaret Anne Greiner, wife, appeals the trial court's order finding her in contempt for failure to pay certain marital debts pursuant to its permanent orders which incorporated the parties' property settlement. We affirm.

Wife argues that the trial court erred in finding that she intentionally chose not to earn income notwithstanding her capability to do so. She also contends that the trial court erred in considering her potential earning power in determining her present ability to pay. We disagree.

The determination of contempt is within the sound discretion of the trial court and will not be disturbed on review absent a clear showing of abuse of discretion. *In re Marriage of Harris,* 670 P.2d 446 (Colo. App.1983). There was no such abuse here.

In re the MARRIAGE OF Margaret
Anne GREINER, Appellant,

and

Floyd D. Greiner, Appellee.

No. 83CA1175.

Colorado Court of Appeals,
Div. III.

Nov. 14, 1985.

The trial court found that wife had made minimal efforts at best to secure and maintain employment after the dissolution, and that she had consistently referred her creditors to her former husband. The trial court further found that she had a Ph.D., was a licensed clinical psychologist, and was capable of earning approximately $5,000 per month. Those findings are supported by the record and will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

If we were to adopt wife's theory that earning ability cannot be considered by a trial court in an enforcement proceeding, then parties could disobey the provisions of permanent orders with impunity and frustrate the debt payment provisions of their property settlement agreements. As we noted in *In re Marriage of McCarthy,* 533 P.2d 928 (Colo.App.1975) (not selected for official publication), a party "is free to choose his own lifestyle and to cease to be a productive individual in our social structure if he can afford such luxury. However, ... certain responsibilities assumed must be met within the confines of the law."

Accordingly, the judgment of contempt is affirmed.

BERMAN and TURSI, JJ., concur.

**Vivian GOLDENHERSH,
Petitioner-Appellant,**

v.

**Michael FEBREY, Respondent-Appellee.**

**No. 84CA0218.**

Colorado Court of Appeals,
Div. II.

Nov. 14, 1985.

Glicksman, Woodrow and Shaner, Michelle B. Teitelbaum, Daniel L. Woodrow, Denver, for petitioner-appellant.

Michael Febrey, pro se.

SMITH, Judge.

Petitioner, Vivian Goldenhersh, appeals an order of the district court dismissing her claims against Michael Febrey, the nonresident respondent, for child support and attorney fees arising from a foreign divorce decree. Petitioner claims the trial court erred in granting respondent's motion to dismiss for lack of personal jurisdiction. We affirm.

Respondent obtained a decree of divorce from petitioner in Alexandria, Virginia, on April 15, 1979. The Virginia court divided custody of the parties' two children, ap-