**In re the MARRIAGE OF Karen M. GOMEZ, Appellant,**

**and**

**Theodore D. Gomez, Appellee.**

**No. 85CA1252.**

Colorado Court of Appeals,
Div. II.

Oct. 9, 1986.

748

George T. Ashen, M. Paula Ashen, Matthew L. Cheney, Denver, for appellant.

No appearance for appellee.

STERNBERG, Judge.

Karen M. Gomez (wife) appeals the orders of the trial court declining to find Theodore D. Gomez (husband) in contempt of court, denying her motion to increase child support, and granting attorney fees to husband. We affirm in part, reverse in part, and remand with directions.

## I.

Arguing that husband failed to provide medical insurance for the parties' two minor children as required by the dissolution of marriage decree and that he failed to pay his share of unreimbursed medical and dental expenses, wife asserts that the trial court erred in not finding husband to be in contempt. We disagree.

■ A finding of contempt is within the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Harris*, 670 P.2d 446 (Colo.App. 1983). If the evidence supports the trial court's findings with respect to contempt, no abuse of discretion will be found. *See In re Marriage of Harris, supra.*

■ Here, the trial court found that: (1) husband had an obligation under court order to maintain medical, health, and hospitalization insurance as well as to pay one half of the children's unreimbursed medical and dental expenses; (2) husband failed to comply with this order; and (3) husband's failure to comply with the order was not intentional or willful because wife had refused to provide him with copies of the medical and dental bills and had requested the medical and dental providers not to release the billing information to husband.

Although conflicting evidence was adduced as to whether wife had provided husband with billing information, the record supports the trial court's finding that husband failed to comply with the court order because wife did not provide him with copies of the bills and, without the billing information, he was unable to comply therewith. Accordingly, there was no abuse of discretion in the trial court's refusal to find husband in contempt.

## II.

We do, however, agree with the wife that the trial court applied an incorrect legal standard in denying her motion for an increase in child support.

■ Child support orders may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms of the child support order unconscionable. Section 14–10–122(1), C.R.S. Unconscionable, as used in § 14–10–122(1), C.R.S., is measured by the "fair, reasonable and just" standard. *In re Marriage of Dixon*, 683 P.2d 803 (Colo. App.1983); *In re Marriage of Carney*, 631 P.2d 1173 (Colo.App.1981).

■ In determining whether a child support order has become unconscionable, the criteria set forth in § 14–10–115(1), C.R.S., must be applied. *In re Marriage of Mizer*, 683 P.2d 382 (Colo.App.1984); *In re Marriage of Hughes*, 635 P.2d 933 (Colo. App.1981). Reasonable and necessary business expenses are proper considerations in assessing a noncustodial parent's financial resources, *In re Marriage of Crowley*, 663 P.2d 267 (Colo.App.1983), and the rate of inflation, if properly proven, may be considered in determining whether a change in circumstances has occurred which warrants modification of the support order. *In re Marriage of Hughes, supra.*

■ The trial court here properly considered husband's business expenses in determining his financial resources. However, the trial court found that inflation, being "apparent" at the time of the decree of dissolution, must necessarily have been taken into account in the original child support award; therefore, it concluded that an "unexpected" change of circumstances, not just an increase in the children's needs because of inflation, was required for modification. This analysis is erroneous. The record gives no indication that the original

award of child support was made in anticipation of the effects of inflation.

 Moreover, in assessing whether the original child support order had become unconscionable, the trial court took the erroneous view that for unconscionability to be shown the change in circumstances must have been "shocking." *See In re Marriage of Dixon, supra.* Thus, the trial court applied incorrect legal standards in denying wife's motion for an increase of child support, and its denial of the motion must, accordingly, be reversed.

### III.

The trial court awarded attorney fees to the husband, stating that the wife's motions were frivolous. The wife contends that the award cannot stand because the trial court failed to make adequate findings in support of its award of attorney fees to husband. We agree.

 To justify an award of attorney fees under § 13–17–102(4), C.R.S. (1986 Cum.Supp.), a trial court must make a finding that a claim "lacked substantial justification", *i.e.*, was substantially frivolous, substantially groundless, or substantially vexatious, and must state its reason for the finding. *Hart & Trinen v. Surplus Electronics Corp.*, 712 P.2d 491 (Colo.App. 1985).

 Here, the trial court made no findings as to why it regarded wife's claims frivolous; instead, it simply concluded that her claims were frivolous. Thus, the court's findings are insufficient to support the award of attorney fees. *See Hart & Trinen v. Surplus Electronics Corp., supra.*

The judgment with respect to wife's motion for citation for contempt of court is affirmed. The judgment with respect to wife's motion for an increase in child support and awarding attorney fees to husband is reversed, and the cause is remanded to the trial court with directions that a new hearing be held with respect to these claims.

SMITH and KELLY, JJ., concur.