The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Melvin **BOWMAN**, Defendant-Appellant.

No. 84CA0998.

Colorado Court of Appeals, Div. I.

Jan. 8, 1987.

Rehearings Denied Feb. 12, 1987.

Certiorari Denied (Bowman) June 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lawrence J. Schulman, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Melvin Bowman, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of two counts of first degree murder and one count of first degree arson. We affirm.

This prosecution arose from a fire which occurred at a motel where the defendant lived with his wife, Evelyn, and three stepsons, Kevin, Anthony, and Vincent. Evelyn and Vincent died in the fire.

The facts and evidence are presented in detail in *People v. Bowman*, 669 P.2d 1369 (Colo.1983). In that case, our supreme court reversed defendant's convictions and remanded for a new trial based on its ruling that the trial court's restriction of cross-examination of defendant's stepson, Anthony, violated defendant's right of confrontation. On retrial, evidence consistent with that in the first trial was presented. However, because one of defendant's stepsons, Kevin, was deceased at the time of the second trial, the transcript of his previ-

ous trial testimony was admitted into evidence.

## I.

█ On appeal, defendant first argues that the trial court erred in admitting the transcript of Kevin's prior trial testimony because of the restriction on cross-examination imposed by the prior trial court judge. We disagree.

At defendant's first trial, Kevin testified that he and his family moved to Denver from Chicago because his mother wanted a "change of life." On cross-examination, defendant attempted to impeach that testimony by questioning Kevin as to the difficulties that his younger brother, Anthony, had with the law in Chicago but was not permitted to pursue that line of questioning. Anthony was subsequently called as a witness but defendant was not permitted to cross-examine him regarding his involvement with the law. In reversing defendant's conviction, our supreme court determined that defendant's cross-examination of Anthony had been impermissibly restricted, but expressed no opinion regarding Kevin's cross-examination. *People v. Bowman, supra.*

Under CRE 804(b)(1), prior trial testimony is admissible only when the party against whom it is offered had the opportunity to cross-examine the witness fully at the prior proceeding. The scope and limits of cross-examination lie within the sound discretion of the trial court. *People v. Marin,* 686 P.2d 1351 (Colo.App.1983); *People v. Wilson,* 678 P.2d 1024 (Colo.App. 1983). Absent a showing of abuse of discretion or manifest prejudice, limitation of cross-examination does not constitute reversible error. *People v. Moreno,* 192 Colo. 314, 558 P.2d 440 (1976).

Kevin's statement regarding the reasons for his family's move to Denver may have been vague or incomplete, but we do not view it as necessarily inconsistent with the testimony defendant attempted to elicit on cross-examination. Thus, Kevin's credibility would have been affected minimally, if at all, by the admission of that testimony. Moreover, to the extent the attempted cross-examination would have served to illustrate Anthony's legal difficulties, no prejudice resulted to the defendant. Anthony testified at the second trial and his involvement with the law was established on direct and cross-examination. Under these circumstances, we cannot say that the admission of Kevin's prior testimony constituted reversible error.

## II.

Defendant also contends that the transcript of Kevin's testimony should not have been admitted at his second trial because cross-examination was inadequate as a result of ineffective assistance furnished by his former attorney. We disagree.

At the first trial, Kevin was asked on cross-examination if he was having problems in Chicago. He responded, "No," and defense counsel did not pursue the matter, but instead attempted to question Kevin regarding difficulties of other family members. At the second trial, however, defense counsel introduced into evidence an F.B.I. "rap" sheet which showed that Kevin had an auto theft charge pending against him at the time of the first trial and argued that defendant's prior attorney's failure to obtain this information and cross-examine Kevin regarding prior criminal activity constituted ineffective assistance of counsel. In ruling the transcript admissible, the trial court considered and rejected this claim, finding that defendant had failed to demonstrate that he had been denied his right to effective assistance of counsel.

█ In ruling on a claim of ineffective assistance of counsel, the threshold question is whether the defendant received the reasonably effective assistance of an attorney acting as his diligent and conscientious advocate. *People v. Bossert,* 722 P.2d 998 (Colo.1986); *People v. Norman,* 703 P.2d 1261 (Colo.1985). Disagreement as to matters of trial strategy alone will not support a claim of ineffective assistance. *People v. Bossert, supra; People v. Moody,* 630 P.2d 74 (Colo.1981).

The sole basis for defendant's claim of ineffective assistance is his former attorney's failure to cross-examine Kevin regarding prior criminal activity. On the basis of the record now before us, we cannot say that the trial court erred. The record shows that defense counsel vigorously cross-examined Kevin regarding his account of the events on the day of the fire. We see nothing to suggest that either his pre-trial investigation or his cross-examination of Kevin fell below the standard demanded of attorneys in criminal cases. *See People v. Norman, supra.*

### III.

Defendant also contends that the trial court erred in allowing the prosecution to display to the jury a highly prejudicial exhibit which was not admitted into evidence and to elicit testimony regarding that exhibit. We find no reversible error.

A jury should not be shown exhibits that are not admitted into evidence. Although a mistrial may be granted under such circumstances, the grant or denial of a mistrial rests in the trial court's discretion as it is in the best position to judge the effect of the exhibit on the jury. *Zamora v. People,* 175 Colo. 340, 487 P.2d 1116 (1971).

Here, defendant made no motion for mistrial based on the prosecution's display of the exhibit, and, under the circumstances of this case, we conclude that the trial court did not abuse its discretion in refusing to grant one *sua sponte.* The exhibit was largely cumulative of testimony regarding the condition of the pants worn by defendant on the night of the fire. *Cf. People v. O'Donnell,* 184 Colo. 104, 518 P.2d 945 (1974). Moreover, the jury was instructed to consider only evidence properly admitted and is presumed to have followed that instruction. *See People v. Gonzales,* 198 Colo. 450, 601 P.2d 1366 (1979); *People v. Sexton,* 192 Colo. 81, 555 P.2d 1151 (1976). Thus, we find no abuse of discretion in the trial court's failure to declare a mistrial. *See Hamrick v. People,* 624 P.2d 1320 (Colo.1981).

### IV.

Defendant also contends that the evidence was not sufficient to support his conviction. We disagree.

Defendant argues that because expert testimony established that the space heater's pilot light actually started the fire, the only conduct which could be attributed to him was pouring the gasoline, and he concludes that therefore the evidence was insufficient either to show the requisite intent to commit first degree murder or the knowing conduct required to support a conviction for first degree arson.

Evidence is sufficient to support a jury verdict if, when the evidence is viewed in the light most favorable to the prosecution, a jury could reasonably conclude that each material element of the offense was proved beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Hansen,* 708 P.2d 468 (Colo.App. 1985).

To support a conviction for first degree murder under § 18–3–102(1)(a), C.R.S. (1986 Repl.Vol. 8B), the evidence must show that the accused acted with the intent to cause the death of another. To support a conviction for first degree arson under § 18–4–102(1), C.R.S. (1986 Repl.Vol. 8B), the evidence must show that the accused acted "knowingly." Under § 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B), a person acts "knowingly ... when he is aware that his conduct is practically certain to cause the result." Direct proof of a defendant's state of mind is rarely available, and consequently, resort must necessarily be had to circumstantial evidence on this element. *People v. Taylor,* 655 P.2d 382 (Colo.1982).

Here, evidence was presented to show that gasoline was poured around a small room containing a space heater with a pilot light approximately 5 inches from the floor, that the defendant had lived in the motel unit for at least several days, and that the fire occurred in February, when the space heater was presumably in use. This evidence, when considered with the evidence that gasoline had been poured on the victims themselves and with the evidence of defendant's conduct at the time of the fire,

was sufficient to allow the jury to infer the intent required to convict defendant of first degree murder and to infer, as well, the knowing conduct required to support a conviction for first degree arson.

## V.

 Defendant also argues that the trial court erred in permitting the prosecution to rehabilitate two of its witnesses by the use of prior consistent statements when their testimony had not been impeached on cross-examination. The trial court allowed the prosecution to introduce testimony given by the witnesses in defendant's first trial. We find no error.

As a general rule under CRE 801(d)(1)(B), a prior consistent statement is admissible as non-hearsay if that statement "is offered to rebut an express or implied charge ... of recent fabrication or improper influence or motive" and if "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement...." *See United States v. Sutton,* 732 F.2d 1483 (10th Cir.1984), *cert. denied,* 469 U.S. 1157, 105 S.Ct. 903, 83 L.Ed.2d 919 (1985).

The two witnesses were subjected to cross-examination which elicited their prior criminal records, including unserved sentences and unresolved charges. Thus, there was the implication that their testimony was prompted by some promise of special treatment with regard to those sentences and charges.

Here, the record does not show when one of the witnesses was charged in connection with the crime involved in this case, so we do not know whether his testimony at the first trial was before or after these charges were filed. As to this witness, no objection was made to the admission of his prior statement. The prior testimony of the other witness was objected to, but the record shows that only old juvenile charges were outstanding against him at the time of the first trial. No charges against him regarding the incident at issue here had been filed. Therefore, there is no suggestion here that the prior testimony of either witness was influenced by promises of lenien-cy. The trial court did not err in allowing the prosecution to introduce consistent statements from their previous trial testimony.

Defendant's other allegations of error are without merit.

Judgment affirmed.

TURSI and CRISWELL, JJ., concur.