In re the MARRIAGE OF Donald W. ROBERTS, Appellant,

and

Diane Lea Roberts, Appellee.

No. 86CA0714.

Colorado Court of Appeals, Div. III.

May 12, 1988.

Rehearing Denied June 9, 1988.

Robert W. Caddes, Denver, for appellant.

Cox & Mustain–Wood, Mary Jane Truesdell Cox, Victor J. Barbieri, Littleton, for appellee.

HUME, Judge.

Donald W. Roberts appeals the trial court's judgment finding him in contempt for his non-compliance with the court's prior decree ordering him to file a joint tax return with his ex-wife, Diane Lea Roberts (appellee). He contends that appellee's verified motion was insufficient to cause the issuance of a contempt citation, and that the court's findings are not supported by the evidence. He also contends that the court erred in rejecting his claim that appellee had initiated and prosecuted the contempt action in bad faith and in refusing to award him attorney fees. We reject appellant's contentions, and affirm the judgment insofar as it afforded remedial relief, but vacate the jail sentence imposed by the court.

■ Appellee's verified motion and the ensuing citation were sufficient to apprise appellant of the nature of his alleged violation and the seriousness of his situation. The motion contained a recitation of the court's prior decree and set forth allegations which indicated that he had disobeyed the court's order by failing to file federal and state tax returns jointly with appellee. As stated in *Guiraud v. Nevada Canal Co.*, 79 Colo. 289, 245 P. 485 (1926):

> "It is not necessary in [a contempt] affidavit ... to set forth the evidence by which the general declarations therein are to be established. General declarations or ultimate facts only are required."

■ Here, the gravamen of the motion (appellant's failure to comply with the or-

der requiring him to participate in filing joint tax returns) was readily apparent on the face of the document and the court's citation was clearly directed to that failure. We conclude that the motion was sufficient, and that the court did not err in issuing the citation ordering appellant to appear and show cause. *See In re Marriage of Peper*, 38 Colo.App. 177, 554 P.2d 727 (1976).

A determination of contempt is within the sound discretion of the trial court and will not be disturbed on review absent a clear showing that the court abused its discretion. *In re Marriage of Greiner*, 711 P.2d 716 (Colo.App.1985). We find no such abuse in this case.

 The record here contains evidence indicating that appellant did not fully cooperate with appellee in her efforts to file the joint returns. Instead, as the filing deadline approached, he simply filed his return separately, without contacting appellee, or making any effort to extend the filing deadline for the joint returns. Moreover, the evidence indicated that appellant did not notify appellee that he had filed separately, or that he had received and kept tax refunds resulting from his separate returns rather than dividing the refunds as required by the decree.

The contempt judgment ordered appellant immediately to join with appellee in executing amended joint returns; to repay appellee her proportionate share of the parties' rightful refund; to pay any interest or penalties appellee might incur because of her late filing; and to pay appellee's reasonable attorney fees incurred in the contempt proceeding. These remedial orders were all appropriate, and were properly within the court's inherent authority. *See In re Marriage of Harris*, 670 P.2d 446 (Colo.App.1983).

The court also imposed a punitive sanction to vindicate the dignity of the court. It ordered that appellant serve 15 days in jail for his willful failure to comply with the decree, but then ordered that the jail sentence be suspended if appellant complied with the remedial orders which required him to file the amended joint returns, and to pay appellee $3,211.05 (her share of the refund he had already received, plus attorney fees and costs) within 30 days.

When the court conditioned the jail sentence upon compliance with the remedial order, the jail sentence became, in effect, a remedial rather than a punitive sanction. *See McVay v. Johnson*, 727 P.2d 416 (Colo. App.1986). The trial court did not make any finding that appellant had the present ability to comply with its remedial orders for the payment of money. For that reason, the jail sentence cannot be sustained. *See Marshall v. Marshall*, 191 Colo. 165, 551 P.2d 709 (1976).

Appellant's claim for attorney fees is without merit.

The judgment is affirmed in all respects except for the imposition of the 15-day jail sentence. That portion of the judgment imposing a jail sentence is reversed and the jail sentence is vacated.

STERNBERG and METZGER, JJ., concur.