The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

**Stacy L. TYER, Defendant–Appellant.**

No. 88CA1320.

Colorado Court of Appeals, Div. III.

Feb. 8, 1990.

Rehearing Denied March 22, 1990.

Certiorari Denied Sept. 10, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Jeri D. Shepherd, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Stacy L. Tyer, appeals from the trial court's judgment finding her in contempt for depositing fraudulently obtained funds in the registry of the court for the purpose of paying restitution. We affirm.

Defendant was formally charged with second degree forgery and felony theft. These charges were later reduced and dismissed pursuant to a plea bargain in which defendant plead no contest to misdemeanor theft, received a suspended sentence, and was ordered to pay $7,640.60 victim restitution. Defendant deposited this amount into the court registry as full restitution in the case.

Subsequently, a verified "Claim for Return of Stolen Funds" was filed in the court, pursuant to § 18–4–405, C.R.S. (1986 Repl.Vol. 8B), claiming the defendant had obtained the $7,640.60 without authorization from the movant, Ms. A, who asserted her right to recover these funds. This pleading was served upon defendant's counsel.

A hearing was held on the motion for return of funds. At that hearing, which was attended by defendant's counsel, a detailed offer of proof was presented to the court by Ms. A's counsel which indicated that the $7,640.60 was obtained from, and directly traceable to, a credit union account of Ms. A. The offer of proof also indicated that the defendant procured these funds by falsely impersonating Ms. A and transferring the funds by forging her endorsement, all without the knowledge and permission of Ms. A.

Five days after this hearing, the court prepared and issued a contempt citation stating the above facts and indicating that the defendant's depositing of stolen funds had perpetrated a fraud upon the court. The citation ordered the defendant to show cause why she should not be held in contempt, and fined, jailed, or both, in order to vindicate the court's dignity.

Thereafter, the defendant's request for a jury trial was denied, and the matter was tried to the court on August 4, 1987. The court found the defendant in contempt and

sentenced her to six months imprisonment, fined her $500, and reimposed its original order for her to pay the $7,640.60 restitution.

## I.

Defendant first attacks the facial validity of the contempt citation prepared by the court. She argues that the trial court erred in finding her in contempt of court because the contempt citation (1) was not served with a copy of a motion and affidavit as required by C.R.C.P. 107(c) and (2) failed to give her adequate notice of the acts of contempt she is alleged to have committed. We disagree.

■ The rules of civil procedure governing civil contempt may guide, but do not control, the court's implementation of procedures for prosecuting criminal contempt. The power to punish for criminal contempt is an inherent and indispensable power of the court that exists independent of legislative authority. *People v. Barron*, 677 P.2d 1370 (Colo.1984). The procedures set forth in C.R.C.P. 107(b) and (c) are generally followed by the courts in prosecuting contempts punitive or criminal in nature, however, these procedures are not exclusive. *People v. Razatos*, 699 P.2d 970 (Colo. 1985). Rather, procedures for prosecuting criminal contempt are judged by whether they effectively afford due process of law. *People v. Barron, supra.*

■ In this case, although a copy of a "motion and affidavit" were not served along with the contempt citation, the record indicates that this omission neither prejudiced the defendant nor deprived her of due process of law. Here, the citation sets forth sufficient details of the nature of the defendant's contemptuous conduct to provide her with adequate notice of the purpose of the hearing and to understandingly shape her course and prepare her defense. *See Eatchel v. Lanphere*, 170 Colo. 545, 463 P.2d 457 (1970).

## II.

■ Defendant next argues that, because there is no evidence that her conduct constituted an express misrepresentation to the court, the court's finding of contempt is not supported by the evidence. We disagree.

Here, the record indicates that the trial court made the necessary findings to support its punitive contempt order. The trial court correctly concluded that payment into the court of monies to which defendant had no lawful claim was a violation that she pay the sum. *See O'Malley v. United States*, 128 F.2d 676 (8th Cir.1942). Since these findings are adequately supported and no abuse of discretion has been shown, we will not disturb the court's findings on appeal. *See Tipton v. City of Lakewood*, 198 Colo. 18, 595 P.2d 689 (1979).

## III.

■ Defendant asserts that the trial court abused its discretion in admitting evidence of similar transactions. She contends that the evidence of her other forgeries and impersonations victimizing Ms. A were offered to show bad character in violation of CRE 404(b) and contrary to the guidelines set forth in *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979) and *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959). We disagree.

The evidence challenged here did not purport to describe prior similar criminal conduct. Rather, it was relevant to establish the context in which the fraudulent forgeries and impersonations occurred. Since such events surrounding a crime are admissible to establish the context in which the crime was committed, even if such events indicate the commission of unrelated crimes. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977).

## IV.

■ Defendant contends that, because there is no evidence that the act of depositing the funds occurred in Weld County, the court erred in not dismissing the contempt citation for the prosecution's failure to establish venue. We disagree.

Venue is fixed and remains with the court in which a contempt is committed, or

whose authority is defied. *See Shotkin v. Atchison, Topeka & Santa Fe Railroad Co.,* 124 Colo. 141, 235 P.2d 990 (1951); *Guiraud v. Nevada Canal Co.,* 79 Colo. 289, 245 P. 485 (1926); *Bloom v. People,* 23 Colo. 416, 48 P. 519 (1897). Defendant's venue argument is without merit as a matter of law.

## V.

■ Defendant next argues that the court erred in limiting cross-examination as to the exact nature of the relationship between the defendant and Ms. A, the defrauded victim. We disagree.

Although cross-examination should be liberally extended to permit a thorough inquiry into the motives of witnesses, *People v. Taylor,* 190 Colo. 210, 545 P.2d 703 (1976), the scope and limits of cross-examination are vested to the sound discretion of the trial court. Here, the motives defendant wished to develop were adequately presented to and considered by the trial court. Absent a showing of abuse or manifest prejudice, the trial court's limitation of cross-examination does not constitute reversible error and will not be disturbed on review. *People v. Moreno,* 192 Colo. 314, 558 P.2d 440 (1976); *People v. Crawford,* 191 Colo. 504, 553 P.2d 827 (1976). The record reveals no abuse of discretion here.

## VI.

■ Defendant's final contention is that the court erred in reimposing its original order to restore $7,640.60 to their rightful owners as a part of the defendant's sentence for contempt. She argues that because she was denied a trial before a jury, the court had no jurisdiction to reimpose the original order of restitution since that would exceed the maximum permissible punishment of six months imprisonment and a $500 fine. *See People v. Zamora,* 665 P.2d 153 (Colo.App.1983). We disagree.

In this case, the trial court sentenced the defendant to six months imprisonment and a $500 fine in order to vindicate the defendant's contemptuous conduct. In addition, the court ordered judgment to be entered on its original restitution order of $7,640.60. Since the trial court is vested with the jurisdiction and power both to punish the defendant for contempt and to separately enforce its prior restitution order for the benefit of victims damaged, we find no error in court's combined order sentencing defendant to imprisonment, a fine, and restitution. *See In re Marriage of Crowley,* 663 P.2d 267 (Colo.App.1983).

Judgment affirmed.

METZGER and CRISWELL, JJ., concur.