Anneliese PASBRIG, Plaintiff-Appellee,

v.

Norman E. WALTON and Barbara J. Walton, Defendants-Appellants,

and

Connie Copenhaver, Public Trustee of Teller County, Colorado, Defendant.

No. 81CA0894.

Colorado Court of Appeals, Div. III.

Sept. 2, 1982.

No appearance for plaintiff-appellee.

Walton & Robinson, P. C., Norman E. Walton, Colorado Springs, for defendants-appellants.

KELLY, Judge.

Norman E. and Barbara J. Walton appeal the ruling of the trial court that the failure to insure premises subject to deed of trust is a curable default under § 38–39–118, C.R.S.1973 (1981 Cum.Supp.). We conclude that the judgment is not final, and therefore, dismiss the appeal.

Plaintiff, Anneliese Pasbrig, alleged in her complaint that she and her husband had purchased a home from the Waltons, executing a promissory note and deed of trust in their favor. Plaintiff further alleged that she was in default under the note because she had failed to make several payments and to insure the premises as required under the deed of trust. She requested that the court order the Public Trustee to allow a cure of the default, enjoin the foreclosure sale to permit cure, and determine the amount necessary to cure.

 When the hearing on these issues was commenced, the trial court announced it would rule from the bench without taking any evidence. The trial court refused the defendants' request for evidence of current insurance on the premises, and ruled summarily that the plaintiff's failure to insure the premises as required by the deed of trust is a curable default under § 38–39–118, C.R.S.1973 (1981 Cum.Supp.).

This ruling on the legal issue cannot be reviewed because it is merely a statement of a proposition of law without application to any underlying facts. For example, there is in the record no deed of trust, no promissory note, no evidence of insurance, the default, nor the attempt to cure. If facts were stipulated, the record does not reveal it. Because there were no facts in the record, the trial court could not make the factual findings necessary as a basis for its legal conclusion, C.R.C.P. 52(a), and we cannot review the propriety of that legal conclusion.

Even had there been facts before the trial court, its ruling was not a final judgment because it was not entered in the register of actions as required by C.R.C.P. 58(a). Although a minute order may be a sufficient substitute for a formal written order, *Hebron v. District Court,* 192 Colo. 346, 558 P.2d 997 (1977), the terse entry in the register of actions in this case was insufficiently specific to satisfy the requirements of C.R.C.P. 65(d). Generalized bench statements alone are not enough to constitute an injunction which parties are obliged to obey, and a minute order entry that "there is a right to cure" does not provide a basis for review.

The appeal is dismissed for lack of a final judgment.

SMITH and KIRSHBAUM, JJ., concur.