Guido P. MEYER and Gertrude M. Meyer, Plaintiffs-Appellants and Cross-Appellees,

v.

LANDMARK UNIVERSAL, INCORPORATED, a delinquent Colorado corporation, Defendant-Appellee and Cross-Appellant.

No. 82CA1015.

Colorado Court of Appeals, Div. II.

May 31, 1984.

Rehearing Denied July 26, 1984.

Certiorari Denied Dec. 17, 1984.

Kerwin & Elliott, Thomas J. Kerwin, Patricia R. McCrohan, Bradley A. Cromer, Denver, for plaintiffs-appellants and cross-appellees.

Goluba & Goluba, David Goluba, Nicholas W. Goluba, Jr., Glenwood Springs, for defendant-appellee and cross-appellant.

VAN CISE, Judge.

Plaintiffs, Guido P. Meyer and Gertrude M. Meyer, appeal the trial court's grant of a summary judgment in favor of defendant, Landmark Universal, Incorporated (Landmark). Landmark cross-appeals the denial of its request for attorney's fees. We affirm in part and reverse in part.

Plaintiffs own 200 acres of land in Basalt. They also own certain adjudicated water rights in the Kester Ditch. The Kester Ditch carries water diverted from the Roaring Fork River at Old Snowmass. The water in the ditch flows through the Holland Hills Subdivision in Basalt and then past plaintiffs' property.

In 1970 or 1971 a portion of the Kester Ditch was dredged and what had been two watercourses were combined into one which was directed through a culvert above the plaintiffs' point of diversion. This work was done to alleviate a water seepage

problem which was hampering construction at Holland Hills. Plaintiffs claimed that because of this work, water flow at their point of diversion was diminished and they were unable to obtain all the water to which they were entitled. As a result, they alleged, their hay crop was substantially reduced.

Claiming that Landmark was responsible for their problems, plaintiffs filed this action. They alleged that: (1) Landmark's unauthorized taking of water from the Kester Ditch caused plaintiffs to be unable to get all of their allocation of water; (2) Landmark installed culverts of insufficient size which caused water to be wasted, thereby depriving plaintiffs of their full appropriation and reducing their hay production; and (3) because of Landmark's conduct, plaintiffs risk losing their adjudicated water rights through non-use. Plaintiffs prayed for $45,000 plus interest and a mandatory injunction against Landmark.

Landmark did not dispute that the events alleged had occurred. However, it maintained that it had not been and was not involved in any of the acts that were the subject of the lawsuit. Accordingly, it moved for, and the court granted, a summary judgment in favor of Landmark. The court denied its request for attorney's fees under § 13–17–101, C.R.S. (1983 Cum. Supp.).

## I.

Plaintiffs first allege that the trial court erred in granting summary judgment. We do not agree.

Here, Landmark produced affidavits and a deposition showing that it did not install the culverts, alter the lateral ditch, take more water than authorized, waste water, or have unauthorized diversion points.

"Once a movant makes a convincing showing that genuine issues are lacking, C.R.C.P. 56(e) requires that the opposing party adequately demonstrate by relevant and specific facts that a real controversy exists.... Stubborn reliance upon allegations ... in the pleadings will not suffice when faced with an affidavit affirmatively showing the absence of a triable issue of material fact." *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978).

Plaintiffs' affidavits, on the other hand, failed to demonstrate that any factual dispute existed. Therefore, summary judgment for defendant was properly granted.

## II.

Plaintiffs next contend that it was error for the trial court to have denied them leave to amend their complaint and add parties. They sought to add 33 parties and to assert various claims against these parties.

It was within the trial court's discretion whether to allow plaintiffs to amend. C.R.C.P. 15(a); *Trustees of Mortgage Trust v. District Court*, 621 P.2d 310 (Colo.1980). Inasmuch as no new cause of action would have been asserted against the original defendant, Landmark, and it still would have been entitled to a summary judgment, we hold that the trial court did not abuse its discretion here.

## III.

Plaintiffs finally claim that the trial court erred in denying their request for a continuance in order to take depositions and obtain documents. We disagree.

This action was filed in May 1981. Plaintiff Guido Meyer's deposition was taken by defendant in August. In November defendant filed its motion for summary judgment. On December 14, plaintiffs filed their "Opposition to Defendant's Motion for Summary Judgment and Motion for a Continuance" and, concurrently, filed notices for the taking of three depositions (scheduled for December 29, December 30, and January 12) and a request for production of documents.

Defendant claims and plaintiffs do not deny that the documents requested were furnished plaintiffs in January 1982. At the request of plaintiffs' counsel, the deposition settings were vacated—and they

were never reset by plaintiffs and were never taken. The motion for summary judgment was granted August 6, 1982.

Plaintiffs had ample opportunity to engage in discovery, and cannot claim prejudice in not being given additional time. There was no error in proceeding to judgment here.

## IV.

██ In its cross-appeal, Landmark contends that the trial court erred in declining to award it attorney's fees under § 13–17–101, C.R.S. (1983 Cum.Supp.). We agree.

The trial court determined that the action was not frivolous or groundless because it was based upon "at least some factual underpinnings." To the contrary, we conclude as a matter of law that this action was groundless. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo. 1984).

It is apparent that plaintiffs filed this suit before investigating who was responsible for the alleged actions and failed to dismiss the suit when it became clear that Landmark was not at fault. In opposition to the motion for summary judgment, plaintiffs produced no evidence even tending to show that Landmark had committed any wrong. In fact, plaintiff Guido Meyer, in his deposition, admitted he was not sure why he was suing Landmark and that he did not know who performed the acts about which he complained. Since plaintiffs filed and maintained their action without knowledge of facts supporting a claim against Landmark, Landmark is entitled to an award of reasonable attorney's fees.

The summary judgment is affirmed. The denial of attorney's fees is reversed and the cause is remanded for a hearing to determine the amount of such fees to be awarded for the trial and appellate proceeding pursuant to §§ 13–17–102 and 13–17–103, C.R.S. (1983 Cum.Supp.).

SMITH and STERNBERG, JJ., concur.