**Dr. Edwin G. HYDE,**
**Plaintiff-Appellant,**

v.

**JEFFERSON PARISH HOSPITAL DISTRICT NO. 2 and East Jefferson Hospital Board, Defendants-Appellees.**

No. 81–3091.

United States Court of Appeals,
Fifth Circuit.

July 8, 1985.

Phillip A. Wittmann, John M. Landis, New Orleans, La., for plaintiff-appellant.

Rickard F. Pfizenmayer, Washington, D.C., for amicus: Am. Society of Anesthesiologists, Inc.

Henry B. Alsobrook, Jr., Oscar L. Shoenfelt, III, Richard B. Eason, II, New Orleans, La., for amicus: Ls. State Med. Society.

Lucas J. Giordano, Metairie, La., for defendants-appellees.

Ricardo M. Guevara, Baton Rouge, La., for amicus: La. Hosp. Assoc.

ON REMAND FROM THE UNITED
STATES SUPREME COURT

Before GARZA, POLITZ, and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge:

This case involves an anesthesiologist's efforts to practice at a hospital which had entered into an exclusive services contract with Roux & Associates, a firm of anesthesiologists of which appellant was not a member. The first time this case was before us, we held that the contract was illegal "per se" under the federal antitrust laws. *See Hyde v. Jefferson Parish Hosp. Dist. No. 2*, 686 F.2d 286 (5th Cir.1982). The Supreme Court reversed, however, and remanded the case for our consideration of several other issues raised but not reviewed in the original appeal to this court. *See Jefferson Parish Hosp. Dist. No. 2 v. Hyde,* —— U.S. ——, —— n. 54, 104 S.Ct. 1551, 1569 n. 54, 80 L.Ed.2d 2, 25 n. 54 (1984). The facts of the case have been fully developed in our first opinion [1] and in the opinion of the Supreme Court,[2] and for the purposes of brevity will not be reiterated here.

Because our original disposition of this case was based on the federal antitrust laws, we did not reach the merits of two other arguments originally pressed by appellant Hyde. First, appellant contends that under Louisiana law, the Hospital Board had a mandatory duty to appoint him to the hospital medical staff once his appointment had been recommended by the hospital's existing medical staff. Next, appellant contends that the grounds upon which his application was denied constituted a denial of substantive due process. The district court rejected both of these contentions. Finding that both arguments lack merit, we affirm the judgment of the district court.

I

Appellant's first contention is that the hospital board was statutorily obligated to appoint him to the medical staff once his application was recommended by the various hiring committees within the hospital. Louisiana statutes set forth the manner in which hospital service districts are to be created and operated. *See LA.REV.STAT. ANN. §§ 46:1051–1069 (West 1982). This statutory framework sets forth, among other things, the manner in which a hospital's medical staff is to be appointed:

> The commission shall appoint a medical staff. Such appointment shall be made upon the recommendations of the physi-

---

1. *See* 686 F.2d at 287–89.

2. *See* —— U.S. at ——, 104 S.Ct. at 1554–56, 80 L.Ed.2d at 8–10.

cians who are authorized to practice within the hospital.

*Id.* § 46:1058.[3] In this case, appellant was recommended by the credentials committee and the medical staff executive committee; his application was rejected by the hospital board, however, due to the contract between the hospital and Roux & Associates. Appellant contends that section 46:1058 imposed upon the hospital board a mandatory duty[4] to hire him once his application had been recommended by the hospital's hiring committees.

 Appellant cites *Giles v. Breaux*, 160 So.2d 608 (La.Ct.App.1964), in support of his argument that the hospital board was statutorily obligated to appoint him to the medical staff. While *Giles* does lend some support to appellant's argument, we are not persuaded that it is dispositive. In *Giles*, a physician was refused reappointment to the St. Tammany Parish Hospital medical staff despite the approval of the hospital's credentials committee. The act creating the St. Tammany Parish Hospital District contained a provision identical to section 46:1058. The *Giles* court construed that provision to impose " 'upon the Commission the mandatory obligation to appoint any physician recommended for appointment by the medical staff.' " *Id.* at 615 (quoting the opinion of the trial court). *Giles* does not, however, address the question of whether a hospital's governing body would be compelled to appoint a physician whose application had been approved by the existing medical staff in contravention of a validly executed agreement effectively prohibiting the appointment. We do not believe the result reached in *Giles* would obtain where, as in the instant case, an agreement authorizing a private firm to provide specialized medical services has been made. In light of the contract between the hospital and Roux & Associates,

we conclude that section 46:1058 did not obligate the hospital to appoint appellant to the medical staff.

 Appellant next contends that the hospital board's refusal to appoint him due to the contract with Roux & Associates constituted a denial of substantive due process. This contention lacks merit. We have recently stated that in cases like this one, "Substantive due process is satisfied if applicants are judged and considered on 'grounds that are reasonably related to the purpose of providing adequate medical care.' " *Everhart v. Jefferson Parish Hospital Dist. No. 2*, 757 F.2d 1567, 1571 (5th Cir.1985) (quoting *Schlein v. Milford Hospital*, 423 F.Supp. 541, 544 D.Conn.1976, *aff'd*, 561 F.2d 427 (2d Cir.1977)). It is undisputed that appellant was denied a position on the medical staff due to the hospital's contract with Roux & Associates. Further, the record supports the trial court's finding that the hospital entered into the contract in an effort to improve the quality of patient care. We are persuaded that the hospital board's decision did not amount to a denial of substantive due process in that it was based on grounds which were "reasonably related to the operation of the hospital." *See Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173, 176–77 (5th Cir.1971); *Everhart*, 757 F.2d at 1571.

## II

In light of the decision of the Supreme Court and our disposition of the remaining issues raised in this appeal, the judgment of the district court is

AFFIRMED.

---

**3.** The "commission" referred to in section 46:1058 is composed of five individuals who serve as the governing body of the hospital. *See* LA.REV.STAT.ANN. § 46:1053. The governing body of the East Jefferson Hospital is called the "hospital board," and is functionally equivalent to the commission referred to in section 46:1058.

**4.** In support of this contention, appellant refers the court to LA.REV.STAT.ANN. § 1:3, which sets forth several general rules of statutory construction, and states in part that "The word 'shall' is mandatory and the word 'may' is permissive."