**CHARLES MILNE ASSOCIATES, a
Colorado corporation,
Plaintiff-Appellee,**

v.

**Jerry D. TOPONCE, Sr.,
Defendant-Appellant.**

**CHARLES MILNE ASSOCIATES, a
Colorado corporation,
Plaintiff-Appellant,**

v.

**Jerry D. TOPONCE, Jr., Scott Toponce,
and Toponce and Associates,
Defendants-Appellees,**

**and concerning**

**John N. McNamara, Jr., and Kathryn
Neilson, Appellants.**

**CHARLES MILNE ASSOCIATES, a
Colorado corporation,
Plaintiff-Appellant,**

v.

**Jerry D. TOPONCE, Sr.,
Defendant-Appellee,**

**and concerning**

**John N. McNamara, Jr., Appellant.**

**Nos. 86CA0222, 86CA1071 and
86CA1471.**

Colorado Court of Appeals,
Div. II.

Nov. 3, 1988.

Baker & Hostetler, Bruce D. Pringle, and Fred M. Winner, Denver, for Charles Milne Associates, John N. McNamara, Jr., and Kathryn Neilson.

David M. Berrett, Denver, for Jerry D. Toponce, Sr., Jerry D. Toponce, Jr., Scott Toponce, and Toponce and Associates.

VAN CISE, Judge.

This is a consolidation of several appeals arising from an action brought in May 1985 by plaintiff, Charles Milne Associates (CMA), a Colorado corporation, against defendant Jerry D. Toponce, Sr. (Toponce) based on Toponce's breach of a covenant not to compete contained in his employment contract with CMA. Toponce's sons, defendants Jerry D. Toponce, Jr., and Scott Toponce, and Toponce's company, Toponce and Associates, were later joined as additional defendants.

In 86CA0222, Toponce appeals a January 1986 order finding him in contempt of a preliminary injunction entered in August 1985, in which he was ordered to pay $5,000 into court to be "held by the clerk on the express condition that Toponce does not engage in any further conduct in violation of the preliminary injunction order," and awarding CMA its attorney fees incurred in bringing and pursuing the contempt proceeding. In 86CA1071, CMA and its then attorneys, John N. McNamara and Kathryn Nielson, appeal an award against them of the attorney fees incurred by Toponce's sons and his company. In 86CA1471, CMA appeals the denial of a permanent injunction and the judgment entered in the amount of $30,000 plus interest against CMA's bond based on the court's holding that Toponce had been wrongfully enjoined, and, also in 86CA1471, CMA and attorney McNamara appeal the award to Toponce of his attorney fees and expenses imposed one-half against each. We affirm in part and reverse in part.

CMA is a manufacturers' representative for certain lines of office furniture and supplies. Toponce, a resident of Utah, was hired in 1983 to serve as a salesman for CMA primarily in Utah but also in Wyoming and Idaho. His contract contained a provision that for three years after termination of his employment with CMA he would not act as an agent, employee, or representative for any company which CMA had represented during the two years immediately prior to his termination. Toponce worked two years for CMA.

In February 1985, the Alma Desk Company (Alma), one of CMA's leading lines, terminated its contract with CMA. At about the same time, Toponce quit CMA and a short time later (all events happening within 25 days), Toponce and Alma entered into their own manufacturer's representative agreement. Toponce began acting as Alma's representative in Colorado, New Mexico, Wyoming, and Utah.

In May 1985, CMA brought this action seeking (1) an injunction barring Toponce from acting as a representative for Alma and (2) damages for Toponce's interference with CMA's contract with Alma. After an evidentiary hearing in August 1985, the trial court granted a preliminary injunction prohibiting Toponce from acting on behalf of Alma in any capacity until the matter was finally heard on the merits of the complaint. The court required CMA to

post a bond in the amount of $30,000. This preliminary injunction was not appealed.

Three days after the injunction was entered, Toponce placed his sons on the payroll of Toponce and Associates, the entity through which he conducted his manufacturer's representative business. Although neither son had ever been a manufacturer's representative before, the sons undertook the representation of the product lines covered by the injunction against their father. About two weeks after the entry of the injunction, Toponce sold Toponce and Associates to one of his sons and then went to work for that company as an agent.

CMA then initiated contempt proceedings against Toponce. At the same time, CMA moved to join Toponce and Associates and Toponce's sons as defendants and to file an amended complaint to assert claims that they were in concert with or participating with Toponce in violating the injunction. The motion was granted and the new parties were served with copies of the verified amended complaint and copies of the transcript of the court's preliminary injunction order. They filed an answer and asked for an award of attorney fees.

On January 3, 1986, after a lengthy evidentiary hearing, the court found Toponce to be in contempt of the preliminary injunction. It required him to post $5,000, and ordered him to pay CMA's attorney fees incurred in connection with the contempt proceedings.

After finding Toponce in contempt, the trial judge recused himself but retained jurisdiction over the contempt aspect of the case in order to hold a hearing on attorney fees. This matter was heard, and, on March 5, Toponce was ordered to pay CMA $6,500 for its attorney fees and $741.50 for its costs incurred, and the $5,000 previously deposited was directed to be applied on those fees.

Meanwhile, on January 8, the parties took the deposition of an official of Alma. He denied any interference by Toponce with the contract between CMA and Alma.

On January 16, CMA filed a notice of dismissal of the interference claim without prejudice and served a copy on opposing counsel.

At the commencement of trial on March 14 before a newly assigned judge, CMA dropped all claims against the sons and the interference claim against Toponce. The court then ordered CMA to show cause why attorney fees should not be granted to the sons and Toponce and Associates pursuant to § 13–17–102, C.R.S. (1987 Repl. Vol. 6A), for bringing them into the case.

A three-day trial was then conducted by the new judge on CMA's remaining claim, i.e., for a permanent injunction barring Toponce from violating the covenant not to compete. On March 18, at the conclusion of CMA's case, the court dismissed this claim. It held:

1. There was a covenant not to compete in effect between Toponce and CMA.

2. Colorado law applied to the covenant and, therefore, the covenant not to compete was void and unenforceable under § 8–2–113, C.R.S. (1986 Repl. Vol. 3B).

3. In the event Utah law should apply, under Utah case law the covenant not to compete was unreasonable and thus unenforceable.

4. Toponce was wrongfully preliminarily enjoined from acting as a manufacturer representative for Alma.

5. No permanent injunctive relief could be granted because there was no evidence of damage suffered by CMA.

It entered judgment in favor of Toponce for his costs, and set up a time schedule for motions and responses to motions for attorney fees and for a damages award against the preliminary injunction bond.

Following hearings in June, the court, on September 25, held that CMA's claims in its amended complaint against the sons and Toponce and Associates "were frivolous in terms of jurisdiction and groundless in terms of the evidence presented, or actually not presented," and awarded them $3,029.25, to be paid $29.25 by CMA, $500

by CMA attorney Kathryn A. Nielson, and $2,500 by CMA attorney John N. McNamara. The court held that the interference with contract claim was groundless. Accordingly, it awarded Toponce $8,041 in attorney fees and $929.45 in expenses incurred in defense of the interference with contract claim, payable one-half by CMA and one-half by McNamara. It determined that the claim for injunctive relief was not groundless, and awarded no fees for defending against that claim.

The court also found that, as a result of being wrongfully preliminarily enjoined from acting as a sales representative for Alma, Toponce lost six months' draw ($31,-002) and a trip to Japan (worth $12,500), a total of $43,502 in damages. Holding that it could not award damages in excess of the amount of the bond filed, the court entered judgment against CMA for $30,000 plus interest on the bond.

## I. 86CA0222

Toponce did not appeal the order granting the preliminary injunction. Instead, he seeks to vacate (1) the order finding him in contempt of court for violating the injunction and (2) the order awarding attorney fees to CMA. We affirm the trial court.

## A.

Toponce's first contention is that since the injunction was never reduced to a proper written order, it was void and therefore unenforceable. We disagree.

Toponce was present in court when the preliminary injunction was announced from the bench. The judge stated:

"The court will grant the relief requested and temporarily enjoin or preliminarily enjoin the defendant from violating the non-competition agreement and, more specifically, not engaging on behalf of the companies known as Alma Desk Company, in any capacity, either as an agent, representative or salesman, until the matter is finally heard on the merits of the complaint."

In addition, Toponce's attorney, in his presence, sought and obtained clarification of the injunction.

C.R.C.P. 65(d) provides, in pertinent part:

"Every order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained...."

■ The rule does not require that an injunction be in writing. But even if a writing were required, a minute order may be a sufficient substitute for a formal written order. *Hebron v. District Court,* 192 Colo. 346, 558 P.2d 997 (1977). Also, although generalized bench statements alone are not enough to constitute an injunction, *Pasbrig v. Walton,* 651 P.2d 459 (Colo.App. 1982), inasmuch as here there was an oral pronouncement from the bench which specifically detailed proscribed behaviors, followed by a minute order, the requirements of C.R.C.P. 65(d) were satisfied.

## B.

Next, Toponce contends that he is not liable for contempt because, at the later trial on the merits of the claim for a permanent injunction, the second judge dismissed the claim and held that the preliminary injunction had been wrongfully granted. Again, we disagree.

■ One cannot be found in contempt of court for failure to comply with a void preliminary injunction. *Renner v. Williams,* 140 Colo. 432, 344 P.2d 966 (1959). However, a preliminary injunction is lawful, and thus not void, if, as here, the issuing court has jurisdiction, the defendant has proper notice, and the court substantially observed the procedures required. *See Renner v. Williams, supra; Zobel v. People ex rel. Kyle,* 49 Colo. 142, 111 P. 846 (1910); and C.R.C.P. 65(d). Since the preliminary injunction was lawful and thus not void, the first trial judge's

finding of contempt by Toponce is also valid.

An order issued by a court with jurisdiction over the subject matter and the person "must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Howat v. Kansas,* 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922). To rule otherwise would be to allow "a party [to] make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside...." *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 31 S.Ct. 492, 494, 55 L.Ed. 797 (1911). Accordingly, irrespective of the ultimate fate of the order entered, Toponce was obligated to obey it while it remained extant, and was subject to sanction for not doing so.

### C.

Toponce also contends that the first trial judge abused his discretion in finding Toponce in contempt of the preliminary injunction because the evidence was insufficient to warrant the contempt finding. We do not agree.

A finding of contempt is within the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of Gomez,* 728 P.2d 747 (Colo.App.1986).

In *Fort v. Co-operative Farmers' Exchange,* 81 Colo. 431, 256 P. 319 (1927) the supreme court said:

> "[N]o case in this court has ever held that, in reviewing contempt judgments, we act as trier of facts to ascertain the sufficiency of evidence to support a contempt charge. Where the trial court has jurisdiction and regularly pursues its authority, and there is evidence of contempt, its decision on the facts is conclusive."

██ There was evidence presented at the contempt hearing that three days after the entry of the preliminary injunction, Toponce assigned his sons Scott, age 22 (a foreman), and Junior, age 25 (a common laborer), to work as manufacturer's representatives for Toponce and Associates, and that the sons performed the enjoined activities with substantial input and supervision by Toponce. Shortly thereafter, he sold his business to one son, but continued to work there. Further, the court found that this was done to circumvent the injunction and for no other reason. There was no abuse of discretion here.

### D.

██ We reject Toponce's final contention that, since the first judge recused himself after finding Toponce in contempt, that judge had no jurisdiction to award attorney fees.

Before recusing himself on Toponce's motion, the judge had entered an order finding Toponce in contempt, directing $5,000 to be deposited, and directing Toponce to pay CMA's reasonable attorney fees incurred in bringing the contempt proceeding. At the same time, he indicated that he would conduct a hearing to determine the amount of fees to be awarded. Therefore, he retained jurisdiction to complete his own order.

### II. 86CA1071

CMA and their trial attorneys, John N. McNamara and Kathryn A. Nielson, appeal the second judge's order directing them to pay the attorney fees and costs of Toponce's sons and of Toponce and Associates. We reverse.

██ The trial court based its ruling granting defendants' motion for attorney fees partly on C.R.C.P. 121 § 1–15(3) which provides, in pertinent part, that "[f]ailure of a responding party to file a responsive brief may be considered a confession of the motion." However, this rule applies only to a complete failure to file a brief; it does not apply to late filings. Therefore, the motion was not confessed.

The court also based its ruling on its findings, consonant with § 13–17–101, et

seq., C.R.S. (1987 Repl.Vol. 6A), that "the claims of the plaintiff in its amended complaint are frivolous in terms of jurisdiction and groundless in terms of the evidence presented, or actually not presented, by plaintiff." The court erred in making these findings.

■ CMA's claims against these defendants were that they were in concert with Toponce in violating the preliminary injunction. The evidence presented at the contempt hearing, the transcript of which was available to the second judge when she made her finding, showed the involvement of these defendants while Toponce was under the injunction, and the first judge's findings at the hearing are to that effect. Accordingly, CMA's claims were not groundless. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Also, the record supports a reasonable basis for long-arm jurisdiction against these defendants. Even if CMA had ultimately lost on this issue, the jurisdiction claim was not frivolous. *See Western United Realty, Inc. v. Isaacs, supra.* Therefore, attorney fees were improperly granted.

### III. 86CA1471

CMA appeals the judgments denying a permanent injunction and awarding $30,000 damages in favor of Toponce against the injunction bond. CMA and attorney McNamara appeal the judgment against them for Toponce's attorney fees ($8,041) and expenses ($929.45) incurred in defense of the interference with contract claim. We affirm in part and reverse in part.

### A. Permanent Injunction

The covenant not to compete in the employment contract provides:

"[Toponce] further agrees that for a period of three years after termination of his contract, he will not act as agent, employee or representative for any other company or principal which the company

has represented during a period of two years immediately prior to such termination."

During oral argument to this court, CMA's attorney agreed that, in determining the validity and enforceability of the covenant not to compete, if Colorado law applies there would be no basis for an injunction. We therefore must look to Utah law.

■ Under Utah law, a non-competition clause must comply with the requirements set forth in *Allen v. Rose Park Pharmacy*, 120 Utah 608, 237 P.2d 823 (1951). These are that: "1) the covenant be supported by consideration, 2) no bad faith be shown in the negotiation of the contract, 3) the covenant be necessary to protect the goodwill of the business, and 4) it be reasonable in its restrictions as to time and area."

CMA asserts the covenant at issue meets all of these requirements. We disagree. The last two are not met here.

The requirement of goodwill has been defined further by the Utah supreme court to require not only goodwill but that the services rendered by the employee be special, unique, or extraordinary. *Robbins v. Finlay*, 645 P.2d 623 (Utah 1982). Evidence at trial showed that Toponce did not meet this description. He was a sales representative for CMA with no management responsibility, no responsibility to secure additional lines of furniture or supplies, no supervisory responsibility, and no training duties. In *Robbins, supra,* as in this case, the covenant served no purpose other than to restrict an employee from competing with a former employer.

In addition, CMA needed to establish that the covenant was reasonable in its restrictions as to time and geographical scope. *Allen, supra.* While the effect of failure to include a specific territorial restriction is determined on a case-by-case basis in Utah, *see System Concepts, Inc. v. Dixon*, 669 P.2d 421 (Utah 1983), the Utah supreme court has said that in an enterprise for a service activity generally sought

and obtained by the customer locally, an "unlimited territorial restriction [is] unnecessary and unjustifiable for plaintiff's protection and therefore unreasonable." Accordingly, the absence of any geographic limitation here renders the non-competition clause unenforceable under Utah law. Therefore, the second judge's denial of the claim for a permanent injunction is affirmed.

## B. Damages Against the Bond

■ Pursuant to C.R.C.P. 65(c), upon the entry of the preliminary injunction in its favor, CMA was required by the first judge to post a $30,000 bond to protect Toponce for "such costs and damages as may be incurred or suffered [should he be] found to have been wrongfully enjoined or restrained." Since the covenant not to compete, upon which the claim for an injunction is based, is unenforceable, Toponce was "wrongfully enjoined."

All parties concerned agreed to limit the award of damages to no more than $30,000, the amount of the bond. *See* C.R.C.P. 65(c). After a lengthy hearing on Toponce's motion for award of damages against the bond, the trial court found that Toponce had suffered $43,502 in damages but limited the award to $30,000.

The finding of the amount of damages incurred is subject to dispute as to the value of a lost trip to Japan and the failure to consider savings from unincurred expenses. However, adjusting for these items would still leave the figure higher than the $30,000 ceiling, so the damages award is affirmed.

## C. Toponce's Attorney Fees

■ CMA and attorney McNamara contend the second judge erred in holding that the interference claim was "groundless" and in awarding Toponce his attorney fees and expenses incurred in defending that claim. We agree.

A claim is groundless if the allegations "are not supported by any credible evidence *at trial.*" *Western United Realty, Inc. v. Isaacs, supra.* (emphasis added). Here, the interference claim was dropped *before* trial, so the proper test is whether the maintenance of the interference claim was frivolous. "A claim … is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim…." *Western United Realty, Inc., supra.*

The record supports the maintenance of the interference claim from the time of filing of the claim until January 8, 1986, when the deposition of the Alma official was taken during which he denied any interference had occurred. Toponce had represented Alma, through CMA, from the fall of 1983 to February 1985. In late February, Alma terminated its contract with CMA. On March 3, Toponce quit CMA and on March 25 began representing Alma. The timing of these events presents the underpinnings for a rational argument in support of the interference claim. Unlike plaintiffs in *Meyer v. Landmark Universal, Inc.,* 692 P.2d 1129 (Colo.App.1984), CMA dismissed the interference claim within days after the deposition.

Under these circumstances, the claim was not frivolous and the award of attorney fees to Toponce is reversed. Whether the expense items, exclusive of attorney fees, should be allowed as costs to the prevailing party should be determined on remand.

We affirm the judgments (1) finding Toponce in contempt of court for violating the preliminary injunction, (2) awarding attorney fees to CMA, (3) denying CMA's claim for a permanent injunction, and (4) awarding Toponce the amount of the bond as damages. We reverse the judgments awarding attorney fees, costs, and expenses to Toponce, to his sons, and to Toponce and Associates. The cause is remanded for further proceedings consistent with this opinion.

SMITH and ENOCH *, JJ., concur.