**C.C. HUTTON d/b/a C.C. Hutton, M.D., P.A., Plaintiff–Appellant,**

**v.**

**MEMORIAL HOSPITAL, a municipally owned hospital; The City of Colorado Springs; Edward Yee; J. Robert Peters, individually and as executive director; and The Board of Trustees, individually and in their respective representative capacities: M. Warner Westland, Gretchen Howard, Louie Larimer, Joseph S. Pollard, Carl W. Smith, Mary H. Vieth, Marjorie A. Westbay, James H.B. Wilson, Gary G. Cassell, J.E. Cook, George H. Fellows, Gregory M. Olson, Maria B. Taylor, and Elaine Thompson, Defendants–Appellees.**

No. 90CA1509.

Colorado Court of Appeals,
Div. IV.

Aug. 1, 1991.

Rehearing Denied Sept. 5, 1991.

Certiorari Denied Feb. 10, 1992.

Iuppa, Simons & Martin, Barney Iuppa, Colorado Springs, for plaintiff-appellant.

James G. Colvin II, City Atty., Stephen K. Hook, Chief Litigation Atty., Colorado Springs, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

After plaintiff, C.C. Hutton, a physician, was denied hospital staff privileges to perform cardiovascular surgery at Memorial Hospital, he brought this action under 42 U.S.C. § 1983 (1986) and alleged outrageous conduct and tortious interference with his profession. The defendants were the hospital, the city of Colorado Springs, which owned the hospital, its executive director, its board of trustees and the members thereof, and Dr. Edward Yee. The trial court entered summary judgment in favor of the defendants, and this appeal followed. We affirm.

The hospital is a Medicaid and Medicare provider subject to the federal statutes and regulations governing such programs. Pursuant to federal regulations 42 C.F.R. §§ 482.12 and 482.22 (1988), the hospital established bylaws setting forth the procedure and qualifications for a doctor to obtain staff privileges.

Even though the plaintiff satisfied these requirements, the hospital denied him staff privileges on the grounds that it had an exclusive contract with Dr. Edward Yee which granted Dr. Yee the exclusive right to perform cardiovascular surgery at the hospital. However, the hospital informed the plaintiff that, under the terms of the Dr. Yee contract, he could obtain staff privileges if he obtained Dr. Yee's consent. When Dr. Yee's consent was not forthcoming, the plaintiff sought a hearing, pursuant to the hospital bylaws, to appeal the hospital's decision to deny him staff privileges. The hospital refused to conduct a hearing and plaintiff filed this action.

The defendants moved for dismissal on the pleadings, pursuant to C.R.C.P. 12(b)(5), for failure to state a claim upon which relief could be granted. The court properly treated the motion as one for summary judgment under C.R.C.P. 56 because, in ruling on the motion, it considered evidence outside of the pleadings. *See* C.R.C.P. 12(c); *Van Schaack v. Phipps*, 38 Colo.App. 140, 558 P.2d 581 (1976). Hence, we must now determine whether any genuine issues of material facts existed to preclude the entry of summary judgment. *See Van Schaack v. Phipps, supra.*

## I. EXCLUSIVE CONTRACT

The plaintiff contends that the trial court erred in concluding that the exclusive contract was valid and enforceable. We find no error.

Alleging that it violated 42 C.F.R. §§ 482.12 and 482.22 (1988), the plaintiff attacks the enforceability of the contract. The first referenced regulation, 42 C.F.R. § 482.12, required the hospital to have a governing body which would:

"(3) assure that the medical staff has bylaws; (4) approve medical staff bylaws and other medical staff rules and regulations ... (6) ensure the criteria for selection are individual character, competence, training, experience, and judgment...."

The second cited regulation, 42 C.F.R. § 482.22, required the medical staff bylaws to:

"(6) include criteria for determining the privileges to be granted to individual practitioners and a procedure for applying the criteria to individuals requesting privileges."

■ These regulations contain no language which requires a hospital to grant staff privileges to every physician who satisfies the minimum criteria set forth in its bylaws for obtaining such privileges. Therefore, the fact that the plaintiff satisfied the minimum criteria for obtaining staff privileges did not obligate the hospital to grant him staff privileges. Accordingly, the hospital did not violate either 42 C.F.R. § 482.12 or § 482.22 by failing to grant the plaintiff staff privileges. *See Hyde v. Jefferson Parish Hospital District No. 2,* 764 F.2d 1139 (5th Cir.1985) (*Hyde* I).

■ We are also unpersuaded by the plaintiff's argument that the hospital acted ultra vires in executing the exclusive contract with Dr. Yee and that, therefore, such contract is void and unenforceable.

He asserts that since such a contract was not authorized by the hospital bylaws, the hospital had no authority to enter into that agreement. However, no provision in the bylaws prohibits the hospital from entering into exclusive contracts with physicians; that subject is not addressed at all. In fact, the hospital stated by resolution that it was "the policy of Memorial hospital that the hospital may enter into exclusive contracts with one or more physicians for medical specialty services...."

In *Radiology Professional Corp. v. Trinidad Area Health Ass'n,* 195 Colo. 253, 577 P.2d 748 (1978), the court recognized that:

"Various services traditionally provided by specialists operating hospital specialty departments may be difficult to obtain on a regular basis unless the hospital enters into an exclusive contract. Contracts which limit the use of a hospital's facilities to certain specialists or which provide that all services of a particular type required by hospital patients be performed by the contracting specialists have been upheld by courts which have considered their validity."

The courts which have considered the validity of exclusive contracts have uniformly held that such contracts are valid so long as they are entered into in an effort to promote a high standard of medical care and do not constitute an unreasonable restraint on competition. *See Jefferson Parish Hospital District No. 2 v. Hyde,* 466 U.S. 2, 104 S.Ct. 1551, 80 L.Ed.2d 2 (1984) (*Hyde* II); *Redding v. St. Francis Medical Center,* 208 Cal.App.3d 98, 255 Cal.Rptr. 806 (Cal.Dist.Ct.App.1989); *Belmar v. Cipolla,* 96 N.J. 199, 475 A.2d 533 (1984); *Brandon v. Combs,* 666 S.W.2d 755 (Ky. App.1984); *Williams v. Hobbs,* 9 Ohio App.3d 331, 460 N.E.2d 287 (1983).

It is undisputed that the exclusive contract in this case was entered into in an effort to improve the quality of patient care. This was evidenced by the resolution which authorized the hospital to enter into the contract, and by the contract itself.

There is no indication that the contract unreasonably restrained competition. To the contrary, the record discloses that there were several other area hospitals from which the services of surgeons, other than Dr. Yee, could be obtained. In fact, at the time the plaintiff was denied staff privileges at Memorial Hospital, he held such privileges with at least one other area hospital which performed a greater volume of cardiovascular surgery than did Memorial Hospital. Therefore, we find no error in the trial court's conclusion that the exclusive contract was valid.

## II. 42 U.S.C. § 1983 CLAIM

We also disagree with the plaintiff's contention that the trial court erred in entering summary judgment on his 42 U.S.C. § 1983 (1986) claim. To state a claim for relief under § 1983, a plaintiff must allege that "(1) some person deprived him of a federal right and (2) this person acted under color of state law." *Deason v. Lewis,* 706 P.2d 1283 (Colo.App.1985).

■ The plaintiff first asserts that, because he was seeking staff privileges in order to engage in his occupation, he had an interest protected by the Fourteenth

Amendment and that, thus, he had a right to be considered for surgical privileges. In support of this argument plaintiff cites *Shaw v. Hospital Authority of Cobb County*, 507 F.2d 625 (5th Cir.1975). Further, he argues that this right required the hospital to determine whether to grant him staff privileges based solely on grounds reasonably related to providing adequate medical care, and, therefore, the hospital denied him substantive due process by refusing to grant him privileges because of the exclusive contract.

As to this contention, we agree with the analysis in *Hyde* I, *supra*. There, the court held that a hospital's decision to deny staff privileges to a physician solely because of an exclusive contract with another physician does not amount to a denial of substantive due process if, as here, the contract was entered into "in an effort to improve the quality of patient care," and if, therefore, the decision was based on grounds "reasonably related to the operation of the hospital."

■ The plaintiff next asserts that the hospital's failure to grant him a hearing concerning its decision to deny him staff privileges violated his Fourteenth Amendment right to procedural due process. The defendants dispute this assertion relying on *Hyde v. Jefferson Parish Hospital District No. 2*, 513 F.Supp. 532 (E.D.La.1981), *rev'd on other grounds*, 686 F.2d 286 (5th Cir.1982) (*Hyde* III).

In *Hyde* III, the court stated that the rationale for a hearing with respect to a hospital's decision to deny staff privileges is "to give the applicant a chance to explain matters which might have led the Board to reject him." But, if, as here, a physician is denied staff privileges solely because of an exclusive contract with another physician, then such physician is not entitled to a hearing because the underlying rationale for holding a hearing is not present.

Adopting the rationale espoused in *Hyde* III, we find no deprivation of procedural due process in this case. The plaintiff acknowledged that he was not denied staff privileges because of any deficiency in his qualifications as a physician, but because

of the existence of the exclusive contract with Dr. Yee. Therefore, the hospital was not required to provide him with a hearing with respect to its denial of staff privileges.

We also do not agree with the plaintiff that the hospital violated its own bylaws by refusing to grant him privileges. The bylaws set forth the minimum requirements to obtain privileges only. Compliance with the minimum requirements of a hospital's bylaws relating to staff privileges does not give a physician an unconditional right to receive such privileges. *See Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173 (5th Cir.1971).

Finally, the defendants argue that the plaintiff may not maintain his § 1983 claim against Dr. Yee because he failed to establish that Dr. Yee was acting under color of state law. However, because we have concluded that the plaintiff was not deprived of any federal right as the result of the hospital's refusal to grant him staff privileges, we need not address this question.

## III. TORTIOUS INTERFERENCE CLAIM

■ The plaintiff contends that the trial court erred in entering summary judgment on his claim for tortious interference with his profession. We find no error.

In *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207 (Colo.1984), the court adopted the Restatement (Second) of Torts § 766 (1977) for intentional interference claims. That Restatement provision states:

"One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract."

However, Restatement (Second) of Torts § 768 (1977) further provides:

"(1) One who intentionally causes a third person not to enter into a prospective

contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if

(a) the relation concerns a matter involved in the competition between the actor and the other and

(b) the actor does not employ wrongful means and

(c) his action does not create or continue an unlawful restraint of trade and

(d) his purpose is at least in part to advance his interest in competing with the other...."

The plaintiff asserts that the hospital may not avail itself of § 768 because it "employed wrongful means" in refusing to grant him privileges, by failing to comply with its bylaws or the federal regulations, and by relying on an unenforceable exclusive contract, and also maintains that its refusal to grant him staff privileges could "create or continue an unlawful restraint of trade." However, we held earlier that the contract was valid and the hospital did not violate its bylaws or the federal regulations. Therefore, this argument lacks merit.

Additionally, we note that the plaintiff has not demonstrated the existence of a contractual relationship with any third party at the time he sought staff privileges. Even if a third party contract had existed, the hospital's mere refusal to grant staff privileges did not constitute an intentional or improper interference with such contract because the plaintiff had privileges at at least one other hospital in the area at that time.

## IV. OUTRAGEOUS CONDUCT CLAIM

Finally, the plaintiff contends that the trial court erred in entering summary judgment on his claim for outrageous conduct. We disagree.

■ The plaintiff is barred from pursuing this claim as to the municipal defendants by the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). Under § 24–10–

114(4), C.R.S. (1988 Repl.Vol. 10A) of that Act, a public entity "shall not be liable either directly or by indemnification ... for damages for outrageous conduct...."

■ Liability for outrageous conduct may be imposed against the other defendants only if their conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). It is for the trial court to determine as a threshold matter of law, whether the alleged conduct was "sufficiently heinous to create a submissible claim." *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo. App.1985).

In light of the circumstances revealed in the record, we agree with the trial court's conclusion that the plaintiff failed to state a claim for outrageous conduct. *Meyer v. Landmark Universal, Inc.*, 692 P.2d 1129 (Colo.App.1984).

We have considered the plaintiff's remaining contentions and find them to be without merit.

The judgment is affirmed.

HUME and ROTHENBERG, JJ., concur.